March 21, 1904.

————o————

No. 3390.

(Court of Appeal, Parish of Orleans.)

JOSEPH W. RIZZIO vs DANIEL MORIARITY.

1. A defendant acting in good faith and under the belief that he was authorized to sell certain property belonging to the plaintiff and to hold the proceeds pending the final adjudication of a suit between them on appeal, cannot when sued in an action to recover the value of the property defeat same by the prescription of either one or five years.

2. The action to recover under such circumstances arises from a

quasi contract and is not one *ex-delicto*, and is prescribed only in ten years.

Appeal from Civil District Court, Division D.

Geo. W. Flynn, for Plaintiff and Appellee.

McCloskey and Benedict, for Defendant and Appellant.

MOORE, J. Alleging himself to have been the owner and possessor of a certain stock of merchandise, situate in a certain store building occupied by him in the City of New Orleans; that the defendant had caused same to be seized under a writ of provisional seizure issued out of the First City Court; that upon the trial of the cause in the City Court the provisional seizure was dissolved and the suit dismissed; that upon appeal from said judgment by the instant defendant the same was affirmed; pending said appeal the property seized had been sold and that upon the final decision of the cause in the Appeal Court he called upon the Constable of the City Court for the proceeds of the sale of his property and was then informed that the property had been taken out of the hands of the Constable by the plaintiff in that suit, defendant here, and was by the latter sold, and averring that the action of the said plaintiff, defendant here, was "without warrant of law or legal sight whatsoever," he thereupon sued the instant defendant for the sum of $2360.00 made up of the following items :

| | | |
|---|---|---|
| The value of the property..............................$ | 1000 | 00 |
| Interest on said amount from Sept. 14th., 1896, to date at 5 per cent ...................................... | 350 | 00 |
| Costs of Court paid by petitioner...................... | 10 | 00 |
| Punitive damages for malicious and unwarranted issuance of writ of provisional seizure.... ......... | 1000 | 00 |
| Total...................................$ | 2360 | 00 |

To this action the defendant first plead the prescription of one and five years and subsequently the exceptions :

First—That the petition is too vague and indefinite to safely answer thereto.

Second—That the allegations are inconsistent and contradictory.

Third—That the plaintiff should be called upon to elect whether he proceeds upon a contract, *quasi contract*, offense or quasi offense, and until such election, defendant cannot safely answer.

Thereupon the plaintiff answered his petition by striking out therefrom all claim "for punitive damages for malicious and unwarranted issuance of the writ of provisional seizure and the item

ten dollars for costs of court paid by petitioner," leaving nothing else claimed but the value of the movables seized and sold as aforesaid. The exception being overruled answer, tendering the general issue, was then filed. There was judgment in favor of plaintiff for $340 00 with interest and defendant appeals.

The facts are that on the 15th. day of September, 1896, the defendant, who was the lessor of the plaintiff, sued out a writ of provisional seizure in the First City Court for rent alleged to be due by Rizzo amounting to $90.00, and thereunder the Constable seized the contents of the rented premises which was employed by Rizzo as a bar-room. Rizzo joined issue and defeated Moriarity's claim whereupon the latter suspensively appealed to the Civil District Court of Orleans, then the appellate tribunal. The cause on appeal, was finally heard in March 1903 and the judgment appealed from was affirmed. Immediately thereafter Rizzo called upon the Constable who had executed the writ of provisional seizure for the proceeds of the sale of the property, the same having been sold pending the appeal, and was thereupon informed that the proceeds of sale were in the hands of the plaintiff in writ and had not been turned over to him, the Constable. The property, it appears, had been turned over by the Constable to Moriarity and was by the latter sold pending appeal, at public auction, Moriarity becoming the purchaser and was then in turn sold to a third person, Moriarty retaining the proceeds.

There is no dispute between the parties up to this point; nor can it be denied that unless there exists some arrangement by which Moriarty was to be permitted to retain as his own the funds arising from the sale of the property, or unless Rizzo's right to recover same is barred by prescription, the defendant in the writ, Rizzio, who successfully defeated Moriarty's claim for rent and dissolved the provisional seizure, is clearly entitled to receive it. That Moriarty was acting in absolute good faith when he took possession of the property seized and when he sold it, believing he was doing so under some agreement or understanding, expressed or implied, is abundantly established by the proof, but it is equally clear that he has entirely failed to show any right whatsoever to retain the proceeds of sale, the suit in which they arose having been determined against him.

Every witness examined in the cause, except Rizzo and his former attorney, although testifying seven years after the transaction when their memory, as they say, as to details, are necessarily clouded, nevertheless are satisffed that Moriarty was authorized to receive from the Constable and the latter to deliver to him for sale, the property seized.

Bozant the Deputy Constable says : "I firmly believe there was an agreement made to that effect" and the Constable, Foley says that the sale was under "some agreement between attorneys." A return of the funds was to be made to me and I was to hold them

152

pending the decision of the appeal in the Civil District Court. I never saw the money though."

Brennan, the auctioneer who sold the goods says : "There was an agreement authorizing me to sell, made by the attorneys in the cause."

To the same effect is the testimony of all other witnesses, the sole exception being the former attorney of Rizzo who says that "I know of no agreement that was made in regard to sale of Rizzo's bar room," but whether he refers to the consent to have Moriarty make the sale, or to the disposition which was subsequently to be made of the funds is not made clear, and Rizzo who says that he made no agreement at all. It is shown however that both Rizzo and his attorney were present at the sale and made no protest thereto.

As to the disposition of the funds after the sale, that is to say that they were to be retained and held by Moriarty as his own there is not the slightest proof. No one attempts proof of this character except one witness and as he testified that such an agreement existed in writing, the Lower Court very properly rejected his testimony. However vague and indefinite the evidence may be, and is, as to the authority of Moriarty to sell the property, it is sufficient however to satisfy us that he acted in good faith and under the honest belief that he was authorized so to do, and besides this the presence at the sale of Rizzo was a ratification of Moriarty's act even if same had originally been without authority. So acting, his act constituted a *quasi contract* and the damages which Rizzo claims of him therefore does not result from the commission of an offense or *quasi offense* and is not prescribed by the period of one or five years as pleaded.

This case is somewhat similar to Gaty, McCune & Co. vs Barber 32 A. 1091 :

"This suit was brought to recover the value of certain merchandise which the defendant had sold unlawfully the same being claimed as owned by the plaintiff. The plea of prescription of 1, 3 and 5 years was plead. The Court said that the evidence shows that defendant acted in good faith and sold the machinery for $550.00 and added:

We do not view the action as one for the recovery of damages resulting from the commission of an offense or *quasi offense*, but as one based on a quasi contract for the recoverery of the *value* of property recovered and disposed of by one who is represented as having no authority to do so. To such action the prescription pleaded does not apply. 'The prescription of ten years applies."

We view this case similarly. It is since the elimination from the petition of all claim for damages arising from a *tort*, simply a claim based on a *quasi* contract ed est. for the recovery of the value of property removed and disposed of by one who is represented as

153

having had no authority so to do.

The plea of prescription is therefore overruled. On the merits as we have stated the case is entirely with the plaintiff. Our brother of the Lower Court deducted from the proceeds of the sale which Moriarty had made of the property to Andry the purchaser, certain articles which were not the property of Rizzo and found that the true value of the goods disposed of was $340.00 aud we find same to be fully maintained by the record. The appelle has joined in the appeal and has prayed for an increase of the judgment and also that the date from which interest is to be computed should be the date of sale. Neither claim is of merit. As stated, the full value of the goods has been allowed by the Lower Court and as we hold that Moriarty was either originally authorized to sell the goods or that his action was tacitly approved by Rizzo subsequently, no interest is due save from judicial demand.

The judgment appealed from is affirmed.

March 21, 1904.

Rehearing refused April 18, 1904.

Writ of review &c. denied by Supreme Court May 23, 1904.