# F. HOFFMAN ET AL. v. THE COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF WESTMORE-
LAND COUNTY.

Argued October 3, 1888—Decided January 7, 1889.

1. Section 2 of the act of March 30, 1860, P. L. 362, relating to wilful trespasses, made general by the act of April 17, 1861, P. L. 322, is repealed as to the punishment and the mode of procedure by the act of June 8, 1881, P. L. 82.
2. To give the Court of Quarter Sessions jurisdiction, under the later

act, the record must show a hearing, conviction and sentence before a justice and a recognizance entered into by the defendant after a refusal to comply with the sentence imposed.

3. The question whether, when the Court of Quarter Sessions has once obtained jurisdiction, it shall proceed by indictment and trial by jury, or otherwise, not raised and not decided.

Before GORDON, C. J., PAXSON, STERRETT, CLARK, WILL-IAMS and HAND, JJ.; GREEN, J., absent.

No. 35 October Term 1887, Sup. Ct.; court below, No. 109 August Term 1887, Q. S.

On September 9, 1887, an indictment of Frederick Hoffman and twenty-one others for "Malicious Trespass" was found a true bill. The first count charged that the defendants, "with force and arms, etc., in and upon the lands of one George F. Dibble, there situate, did commit a wilful and malicious trespass, and then and there, without the consent of the said George F. Dibble, did maliciously and wilfully walk over, dig up, and otherwise injure the grass, grain, vegetables, and other growing crops on said land, to the great injury and damage of the said Geo. F. Dibble and contrary," etc. The second count charged that the defendants with force and arms, etc., did enter etc., "and cut down and fell timber trees knowing the same to be growing and standing upon the lands of the said George F. Dibble, without the consent of the owner," etc., etc. The defendants pleaded, not guilty.

At the trial on September 13, 1887, it appeared that, on August 27, 1887, George F. Dibble made an information before Eli McCormick, a justice of the peace, charging that on that day "these defendants above named were found by complainant engaged in a wilful and malicious trespass upon his lands, digging up and injuring the same, contrary to the provisions of the act of assembly in such case made and provided." The record of the justice certified to the court, after noting the issuance of the warrant, set forth:

"And now August 27, 1887, above named defendants arrested and brought to office, and, having no bail or producing none, they were committed to the jail of Westmoreland county for trial.

. "Bonds given before D. C. Morris, Esq., same day, and returned to me Monday morning, August 29, 1887."

Arguments.

The defendants filed a motion to quash the indictment upon grounds sufficiently appearing hereafter, which motion was refused,[1] and the cause proceeded upon the evidence.

Neither the testimony, nor the charge to the jury, appeared upon the paper books, but certain points presented by the defendants and the answers thereto, were as follows:

1. The act of assembly under which the first count is laid is repealed by the act of June 8, 1881, and you must therefore acquit the defendants of this count.

Answer: The act of 1881 repeals the act of 1860, under which the district attorney says he framed the bill, but be this as it may, we think the offence described in both acts substantially the same, and that the bill is good under the act of 1881. The point is therefore refused.[4]

2. That, the information not showing that the magistrate did hear and determine the guilt or innocence of the defendants before commitment, the Court of Quarter Sessions has no jurisdiction as to the first count, and as to that you must acquit the defendants.

Answer: This point is refused.[5]

The jury returned a verdict of not guilty, and that defendants pay the costs.

On November 12, 1887, a motion in arrest of judgment was denied and judgment entered that the defendants pay the costs; thereupon the defendants procured this writ, allowed by Mr. Justice CLARK, and assigned as error:

1. The refusal to quash the indictment.[1]

4, 5. The answers to defendants' points.[4] [5]

11. The refusal of the motion in arrest of judgment.

*Mr. Paul H. Gaither* (with him *Mr. J. A. Marchand*), for the plaintiffs in error:

When the district attorney declared that he prosecuted under the act of 1860, we answered that that act was repealed by the act of June 8, 1881, P. L. 82. The court so ruled, but tried under the act of 1881. This act partakes of both a civil and criminal character. The first section describes the offence; the second, the method of procedure, which must be either a case of summary conviction, or a suit for a penalty. Being

one of the two, a court of record can acquire jurisdiction only on an appeal of either party to such court, "upon allowance of the appellate court, or a judge thereof, upon cause shown:" Section 14, article V., of the constitution; Act of April 17, 1876, P. L. 29. In the present case, the magistrate did not exercise jurisdiction, nor was a trial before him waived by the defendants. The Quarter Sessions could not acquire jurisdiction, until after judgment pronounced by the magistrate. For the practice in summary convictions see: Reid v. Wood, 102 Pa. 312; McGuire v. Shenandoah, 109 Pa. 613.

*Mr. J. F. Wentling* (with him *Mr. D. C. Ogden, District Attorney, Mr. D. A. Miller* and *Mr. E. E. Robbins*), for the defendants in error:

1. It is not conceded that the act of June 8, 1881, repeals § 152, act of March 31, 1860, P. L. 416. They describe different offences and must be construed together, that both may stand. Whether the magistrate had before him, when he prepared the information, said section of the act of 1860, or the act of 1881, the information describes an offence under both acts, and, with such information supplied, the district attorney might frame his indictment under both or either. If under both acts, as the indictment itself would indicate, then an offence is sufficiently charged and the whole matter must be left to the jury: Linn v. Commonwealth, 96 Pa. 288.

2. The act of 1881 outlines two distinct methods of procedure: one, by summary conviction, when the injured party receives one half the penalty imposed. The act of April 17, 1876, applies only to proceedings of this class. But the act gives defendants another course, if they chose to pursue it, to wit: To enter into a recognizance to answer a charge of misdemeanor before the Court of Quarter Sessions. This second method of procedure begins with the commencement of the cause before the magistrate, and the clear intent of the proviso is that the defendant may carry the case at once to the Court of Quarter Sessions and have the benefit of a trial by jury therein, upon entering into the required recognizance.

OPINION, MR. JUSTICE WILLIAMS:

The question raised in this case is one of jurisdiction.

The act of 1860 defined and provided for the punishment of malicious trespass. Jurisdiction was given to justices of the peace, whose decision was final. The punishment was by fine not less than five dollars nor more than one hundred, and upon conviction the justice fixed the amount of fine and pronounced sentence accordingly. If the fine was not paid, the justice committed the defendant to jail, for not less than twenty nor more than sixty days. If it was paid, one half of the amount went to the owner of the premises on which the trespass had been committed. The act of June 8, 1881, changed the punishment and the mode of procedure, and in these particulars worked a repeal of the act of 1860. The fine is fixed by the act of 1881 at not less than five dollars nor more than fifty; it is appropriated, one half to the party injured and one half to the school fund of the district in which the offence was committed; and, upon non-payment, the justice may commit to jail for a period not less than one day for each dollar of penalty imposed.

But the most important change in procedure is made by the proviso in the second section, which declares that on refusal to pay the penalty imposed by the justice, the defendant shall not be committed if "he enter into a recognizance with good security to answer said complaint on a charge of misdemeanor before the Quarter Sessions of the peace of the county in which the offence is committed." This gives the defendant an opportunity for a new trial before another court, where the correctness of his conviction by the justice can be reviewed. The duty of the Quarter Sessions is then stated to be, "on conviction of the offence so charged, and failure to pay the penalty imposed by this act, with costs, to commit said defendant to the common jail of the county for a period of not less than one day for each dollar of penalty imposed."

The case must reach the Quarter Sessions by the road prescribed by the act of 1881. The proceeding must begin before a justice of the peace, who must hear and decide the cause. If the defendant is convicted and sentenced, he may comply with the sentence or refuse to do so. If he refuse to comply, the justice may proceed to commit him to jail, unless he enter into a recognizance for his appearance in the Quarter Sessions to answer "said complaint, on a charge of misdemeanor." The

giving of this recognizance ends the proceeding before the justice, and the case goes to the Quarter Sessions for another trial. It is in the nature of an appeal from a summary conviction, and the defendant has no right under the act of 1881 to offer his recognizance until after sentence, nor has the justice any right to send the case to the sessions until after conviction, sentence, and a refusal to comply with the sentence. The justice's record when it comes into the Quarter Sessions should show the conviction and sentence as well as the recognizance, for the duty of that court is to try the defendant upon the same charge, upon conviction to sentence him to pay the penalty fixed and costs, and upon non-payment to commit him to the common jail for a period not less than one day for each dollar of penalty imposed. The jurisdiction of the Quarter Sessions is not an original but a supervisory one, intended to protect a defendant against the mistakes of a magistrate before committing him to prison for non-compliance with the sentence.

The question of the manner in which the Quarter Sessions should proceed is not raised in this case, and we do not determine it. The commonwealth assumed that the trial should be before a jury and upon an indictment. The defendant moved to quash the indictment, because the record did not show the proceedings necessary to give the court jurisdiction. This motion should have prevailed. The indictment rested on the transcript, and that showed that the proceedings necessary to entitle the defendant to come into the Quarter Sessions had not been taken. No trial, no summary conviction, no sentence, appeared upon the transcript, and there was nothing for a new trial to correct or to affirm. If we assume, therefore, that this case was for a jury, if properly in court, and that an indictment found by the grand jury was the proper form in which the "said complaint" should be brought to the attention of the court, yet under the act of 1881 the preliminary steps to sustain an indictment and give the court jurisdiction did not appear upon the record. But we do not wish to be understood as conceding either of the points assumed. As we have already said, they are not raised in this case, and it will be time to decide them when they are fairly presented.

The proceedings are reversed, and the indictment quashed.