# Commonwealth, Appellant, *v.* Hooper.

*Justice of the peace—Record—Appeal—Defects cured by trial on the merits.*

1. Where a person has been convicted before a justice of the peace of a violation of the game laws, has appealed to the court of quarter sessions, pleaded not guilty, and had a trial on the merits, he cannot have the judgment on a verdict against him arrested merely because the decision of the justice was defectively stated. Such a rule applies where the statement of the justice's record was: "After hearing demanded to pay fine for four birds $40.00 and costs. Defendant refused."

*Game laws—Jurisdiction of quarter sessions—Appeal—Act of May 1, 1909, P. L. 325.*

2. Where a person has been convicted before a justice of the peace

of violation of the Game Law of May 1, 1909, P. L. 325, and has given bail for appearance at the quarter sessions, but the record does not show that he took an appeal, the court of quarter sessions after a verdict against the defendant in that court, will arrest the judgment because of its lack of jurisdiction over the case.

Argued Oct. 7, 1913.    Appeal, No. 10, March T., 1914, by plaintiff, from order of Q. S. Luzerne Co., Sept. T., 1912, No. 52, in sustaining motion in arrest of judgment in case of Commonwealth v. Charles Hooper. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Motion in arrest of judgment after verdict of guilty. Before STRAUSS, J.

From the record it appeared that Charles Hooper was arrested on June 12, 1912, on information of the game warden charging him with killing song and insectivorous birds.    He was taken before a justice of the peace, and found guilty of killing four birds.    The justice's transcript concluded as follows:

After hearing demanded to pay fine for four birds $40.00 and costs.    Defendant refused.

After hearing, defendant required to give bail in the sum of $500, conditioned for appearance at the next term of court.

In the quarter sessions the defendant pleaded not guilty and on the trial on the merits was convicted of the offense charged.

The record of the justice of the peace did not show that any appeal was taken from the judgment of the justice.

*Error assigned* was in arresting the judgment after the verdict of guilty.

*John H. Bigelow,* with him *Charles B. Lenahan* and *Joseph E. Fleitz,* for appellant.—The law in Pennsylvania seems to have been well established over a period of

many years by both the Superior and the Supreme Courts that, a motion in arrest of judgment must be based on some matter appearing on the record; a variance between the information upon which the warrant issued and the indictment is not such matter, and where the defendant has gone to trial without raising objection, it is a valid ground upon which to base a reversal of the judgment upon appeal: Com. v. Bradley, 16 Pa. Superior Ct. 561; Com. v. Gillespie, 7 S. & R. 469; Com. v. Brennan, 193 Pa. 567; Com. v. Schoen, 25 Pa. Superior Ct. 211; Com. v. Zayrook, 30 Pa. Superior Ct. 111; Com. v. Hettig, 46 Pa. Superior Ct. 395; Com. v. Dingman, 26 Pa. Superior Ct. 615.

*Thomas F. Farrell,* for appellee.—There can be no doubt that the defendant was entitled to the arrest of judgment in view of the unquestionable want of jurisdiction in quarter sessions, as plainly appears on the face of the record: Delaware Div. Canal Co. v. Com., 60 Pa. 367; Com. v. Armstrong, 4 Pa. C. C. Rep. 5.

The record must clearly show jurisdiction, and the facts essential to the jurisdiction must appear on the face of the record: Com. v. Hudock, 37 Pa. Superior Ct. 176; Com. v. Gelbert, 170 Pa. 426; Com. v. Davenger, 10 Phila. 478; Com. v. Johnson, 4 Pa. Justices' L. R. 58.

OPINION BY RICE, P. J., February 20, 1914:

A motion in arrest of judgment must be based on matters which appear on the record; and many defects, irregularities, and informalities in the preliminary proceedings, that might have been taken advantage of by appropriate action before, are cured or waived by the defendant by pleading the general issue and going to trial on the merits. Numerous illustrations are furnished in the cases cited by the learned counsel for the commonwealth in their brief. We agree with them that, under the principles therein enunciated, recognized, or

applied, if the defendant in the present case appealed to the court of quarter sessions, he could not, after pleading not guilty and going to trial on the merits without objection, have judgment on the verdict arrested merely because the final decision of the justice of the peace from which he appealed was not expressed with that formality or precision which is necessary to prevent reversal on certiorari issued by the common pleas. Here, the statement of the justice's record is: "After hearing demanded to pay fine for 4 birds $40 and costs. Defendant refused." Reading this in connection with what precedes, the reasonable presumption is that the justice intended it as his final decision of the case based on a finding from the evidence that the defendant was guilty of the offense charged. It must be so regarded in this proceeding, and, for the reasons above suggested, the defendant was not entitled to have judgment on the verdict arrested merely because the decision of the justice was defectively stated.

But it is to be borne in mind that the offense charged in the indictment was not an indictable offense at common law, and that the Act of May 1, 1909, P. L. 325, which created and defined it, does not give the court of quarter sessions original jurisdiction over it. See Hoffman v. Com., 123 Pa. 75. By sec. 31, which not only regulates the procedure, but defines the jurisdiction, an essential condition precedent to the exercise of authority by that court to indict for and punish it, is an appeal by the defendant. If that be lacking the court has not jurisdiction of the subject-matter, and a jurisdictional defect of that nature is not waived by the defendant's pleading to the indictment. The jurisdiction of the court not being original, there can be no doubt that the transcript of the magistrate's record, which by the terms of the act is made the foundation of the proceedings in the quarter sessions, becomes so far a part of the record of that court, when filed therein, that it may be examined, on motion in arrest of judgment,

for the purpose of determining the jurisdictional question. Where such question is not raised until after verdict, the justice's record is not to be searched for technical informalities of statement and subjected to refined and subtle verbal criticism. On the contrary, every reasonable intendment permissible under its language is to be made in its favor. But where it affirmatively and clearly appears therefrom that the defendant did not appeal, it is not to be legally presumed, contrary to the record, that he did. The language of the record, immediately following the clause above quoted, is: "After hearing, defendant required to give bail in the sum of $500 conditioned for appearance at the next term of court." The record is not only silent as to the subject of appeal, but fairly gives rise to the presumption that the defendant gave bail, not because he had appealed, but because he had been required to do so by the justice. Judging from the entire record, the justice seems to have entertained and acted upon the erroneous assumption that, upon the defendant's refusal to pay the fine, it was his duty to bind him over to court. This might have been the proper procedure if the case were governed by the Act of June 8, 1881, P. L. 82, which was under consideration in Hoffman v. Com., 123 Pa. 75. But the act of 1909 gave him no authority to send a case contemplated by the provisions of that act to the quarter sessions, except upon the defendant's appeal. See secs. 4 and 31. Because there was not such appeal the court of quarter sessions did not have jurisdiction of the subject-matter, and the court was right in arresting the judgment for that reason.

The remarks of Justice WILLIAMS in March v. Com., 21 W. N. C. 566, s. c., 10 Sadler, 479, which are much relied on by the commonwealth's counsel, should be read in the light of the fact that the case in which they were made was one in which the jurisdiction of the court to indict and punish is original and exclusive. This distinguishing feature of that case, and of the others cited

by the commonwealth's counsel, render the remarks inapplicable here, as is clearly pointed out in the opinion of the learned judge of the quarter sessions.

The order is affirmed.