## Commonwealth v. Bobarsky.

*Justice of the peace—Summary conviction—Appeals.*

1. In summary convictions the defendant may only have his day in court by an appeal specially allowed.

2. On appeal, a summary conviction can only be sustained if founded on an information which contains a complete statement of the offence, a record of the subsequent proceedings sufficient to warrant a conviction, a sentence, after conviction, in strict conformity with the punishment fixed by law, and an appeal, after sentence, taken according to law.

*School law—Violation of compulsory attendance law—Summary conviction — Appeal — Return to Quarter Sessions — Jurisdiction, J. P. — Acts of May 18, 1911, April 18, 1919, and July 21, 1919.*

3. All convictions under section 1423 of the School Code of May 18, 1911, P. L. 309, for violation of section 1414, as amended by the Acts of April 18, 1919, P. L. 58, and July 21, 1919, P. L. 1084, are summary convictions.

4. Section 1423 of the School Code, providing for the punishment of parents failing to comply with the provisions requiring compulsory attendance of their children at school, gives no authority to a justice of the peace to return a case to the Court of Quarter Sessions before conviction, and after conviction, only upon defendant's appeal.

5. Where the justice returns a case after conviction and sentence, but not upon the defendant's appeal, the Court of Quarter Sessions has no jurisdiction, and the proceedings will be dismissed.

6. In such case, the fact that defendant entered bail for appearance and appeared and defended does not give the court jurisdiction, inasmuch as jurisdiction cannot be conferred by consent.

Violation of School Code. Appeal from summary conviction by justice of the peace. Q. S. Schuylkill Co., March Sess., 1924, No. 302.

*M. H. Spicker,* for plaintiff; *M. A. Kilker,* for defendant.

BERGER, J., March 31, 1924.—This case was heard as though it had come into the Quarter Sessions by appeal from a summary conviction. The evidence taken before the trial judge presents a case for violation of section 1414 of the School Code (Act of May 18, 1911, P. L. 309), as amended by the Acts of April 18, 1919, P. L. 58, and July 21, 1919, P. L. 1084. The testimony of J. W. Cooper, the Superintendent of Schools of the Borough of Shenandoah,

and W. W. Lewis, the attendance officer of that school district, is sufficient to establish that a general employment certificate under the Act of May 13, 1915, P. L. 286, known as the Child Labor Law, was issued to Ella Bobarsky, the defendant's daughter, on May 11, 1923, when she was near the age of fifteen years, to engage in domestic service as is provided by section 1416 of the School Code, as amended by the Act of May 20, 1921, P. L. 1034. By virtue of that certificate, she assisted with the household work in her home for a short time, and during that entire period refused to go to continuation school, after having been properly notified so to do, whereupon, under direction of the State Board of Education given to the superintendent of schools, her certificate of employment was annulled by him. Thereafter she failed to attend the regular sessions of school, and during her absence therefrom was unlawfully employed, first at the Manhattan Restaurant, and then at the United States Restaurant, both in Shenandoah. Thereupon the attendance officer served notice Dec. 5, 1923, as required by sections 1423 and 1428 of the School Code, upon the defendant, Joseph Bobarsky, of the non-attendance of his daughter, Ella Bobarsky, and both of them having continuously defied said notice, a prosecution was entered before M. J. Giblon, a justice of the peace in the Borough of Shenandoah, Feb. 19, 1924, upon which, after hearing had Feb. 23, 1924, the justice proceeded to judgment.

The information regularly lodged by W. W. Lewis, the attendance officer, upon which the defendant was arrested Feb. 21, 1924, reads:

"Before me, the subscriber, one of the Justices of the Peace in and for the county aforesaid, personally came W. W. Lewis, Attendance officer of the School Dist of Shenandoah Pa. County of Schuylkill, who being duly sworn according to law, saith: That within the said county on the 19th day of Feby A. D. 1924, a certain Jos Bobarsky, No. 537 W. Arlington St. said Boro., has neglected and refused and still doth neglect and refuse to send his daughter Ella Bobarsky, who is of school age to any school deponent serving him with legal notice of her non-attendance as required by the said Act and the rules and regulations of the said school district."

The record of the proceedings before the justice is as follows:

"Complaint made on oath against the Deft for violation of the compulsory education Act, by W. W. Lewis, Attendance officer of the School dist of Shenandoah Penna.

"Warrant issued Feby 21st 1924 and subpœna for one witness charging Deft with violation of the School code.

"Feby 23rd 1924 Deft. brought up and pleads not guilty.

"J. W. Cooper, Supt. of Schools sworn, testifies that the name of Ella Bobarsky appears on school records and show her to be born June 18th 1908, and that she is a pupil in the continuation school under Miss Campbell, and that an official notice was served on the Deft to have his daughter in school, and that he neglected and refused to comply with said notice, the school records showing that she has not attended school the present term.

"Deft refuse to make any defence, and states positively that he will not allow or permit his daughter to attend school, and that the case will have to be settled in the Courts.

"Whereupon it is adjudged that he is guilty of the offence charged in the information, and is sentenced to pay a fine of two dollars and cost of prosecution, or undergo imprisonment in the County jail for a period of one day for each dollar of penalty imposed.

"Deft refuse to pay fine or cost and enters into recognizance for his appearance at the March term of Court 1924 to answer &c.

"Recognizance taken and acknowledged before me this 23rd day of Feby 1924."

Section 1423 of the School Code, providing for the punishment of parents failing to comply with the provisions requiring compulsory attendance of their children, gives no authority to a justice of the peace to return a case to the Quarter Sessions before conviction, and, after conviction, only upon the defendant's appeal. The record of the conviction, and the transcript of the justice of the peace lodged in court, clearly shows that he bound the defendant over to court without an appeal having been taken, on the erroneous assumption that it was his duty so to do, upon the mere refusal of the defendant to pay the fine which he had imposed upon him. The offence here charged upon the defendant is not an indictable offence at the common law, and the act creating it and defining it gives no original jurisdiction over it to the Quarter Sessions. Therefore, notwithstanding the defendant entered bail for his appearance at court, we are without jurisdiction of the subject-matter: Com. v. Hooper, 55 Pa. Superior Ct. 518, 521-522. Nor does the fact that the defendant actually appeared and defended alter the situation, because jurisdiction over the subject-matter can never be conferred by consent or waived by the parties: The Lewisburg Bridge Co. v. Union and Northumberland Counties, 232 Pa. 255, 262; Nevin et al. v. Catanach et al., 264 Pa. 523, 528. Com. v. Butler, 76 Pa. Superior Ct. 113, is not at variance with the view just stated, for in that proceeding the court acquired jurisdiction of the subject-matter by defendant's appeal from the judgment of the justice of the peace regularly entered, and the irregularity of having the case submitted to a grand jury and, after true bill found, tried by a petit jury, was treated as though the defendant had waived the irregularity, because he could not possibly have been deprived of any right by the submission of a question of fact to the jury for determination, which the trial judge had the right to determine without the aid of a jury.

The judgment entered by the justice of the peace is not that authorized by section 1423 of the School Code of May 18, 1911, P. L. 309, and it is a matter of grave doubt whether the information lodged with him defines an offence under the Code. The general attitude of all courts of appellate jurisdiction towards summary proceedings and the reasons for that attitude are stated in Com. v. Moller, 50 Pa. Superior Ct. 366, 372, by Head, J., as follows: "The general attitude of the appellate courts towards summary proceedings may be gathered from the following language taken from the opinion of Mr. Justice McCollum in the case last cited (170 Pa. 426), some of it being, in turn, approved quotations from the most eminent of the early authorities: 'But if a complaint in writing is resorted to, being the substratum of the magistrate's jurisdiction and in the nature of an indictment, it should contain a complete statement of the offence; for the evidence given upon the trial can only support the original charge, and can by no means extend or supply what is wanting in the complaint. The complaint must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt. . . . It is claimed by the Commonwealth's counsel that this view of the subject is purely technical, but we cannot so regard it. The defect complained of is substantial and jurisdictional. A like defect in an indictment is ground for arresting judgment upon it, and it seems reasonable that such a defect in the complaint which is the basis of a summary proceeding should vitiate the latter. In Pennsylvania, none of the common law or statutory essentials of a summary conviction have been yielded, and they seem 'to be as necessary to bound arbitrary power and prevent oppression and injustice to

the citizen of a republic as to the subject of a crown:' Com. v. Borden, 61 Pa. 272.' "

In summary convictions—and all offences punishable under section 1423 of the School Code are clearly such—the defendant may only have his day in court by an appeal specially allowed: Com. v. Long, 276 Pa. 154. On appeal, a summary conviction can only be sustained if founded on an information which contains a complete statement of the offence; a record of the subsequent proceedings sufficient to warrant a conviction; a sentence, after conviction, in strict conformity with the punishment fixed by law; and an appeal, *after sentence*, taken according to law: Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Moller, 50 Pa. Superior Ct. 366; Hoffman v. Com., 123 Pa. 75; Com. v. Gelbert, 170 Pa. 426. The court has acquired no jurisdiction in this case, either of the subject-matter or of the parties; hence, the proceedings fall. The proceedings are dismissed.

From M. M. Burke, Shenandoah, Pa.