## Commonwealth v. Fairgraves.

*Criminal law — Summary conviction — Certiorari—Magistrate's record—*
*Act of April 22, 1794, 3 Sm. Laws, 177—Sunday law.*

1. When a defendant is prosecuted summarily, each step of the proceeding must
be so carefully recorded that when the evidence is concluded and the record completed, the facts disclosed thereby must legally consummate in a conviction of the
offence charged, or else there must be an acquittal, and when a conviction is had,
the record must be so complete that, if pleaded in another prosecution for the same
offence, it will be a bar upon a plea of *autre fois convict.*

2. A record of a summary conviction is fatally defective where defendant is
charged with operating a moving-picture show on Sunday, but there is nothing in
the testimony to show who owned or operated the theatre, where it is situated,
who took the admission money, and there is no reference to the act violated or
statement in the record that defendant was guilty of anything.

*Certiorari* to magistrate.  C. P. Erie Co., Feb. Sess., 1925, No. 136.

*W. P. Gifford* and *Craig & Blass*, for defendant.

ROSSITER, P. J., April 2, 1925.—This is a *certiorari* to a magistrate, commanding him to send up his record so that the court may review the same and
ascertain whether the summary proceedings had were in compliance with the
requirements of the law regulating such proceedings. The cases are before
us, not for the purpose of testing the validity of the law, but the regularity of
the proceedings. It has been urged that the law is obsolete and that this is a
religious controversy between those seeking a "Puritanical" Sunday and those
inclined to a more liberal policy. There is no exception covering the former,
and with the latter the court is not concerned.

We start, therefore, with the assumption that the law, which it is presumed,
though not specified, that the magistrate proceeded under (Act of April 22, 1794,
3 Sm. Laws, 177), though hoary with antiquity and an inheritance from past
generations, is as binding in its effect as any other law, ancient or modern,
and that a rule of law or a tenet of society that has existed uninterruptedly
for a long period of time has always been taken as high evidence of not only
its validity, but of its necessity. It is a primary principle, uninterruptedly
recognized ever since and before the "Blue Laws" were enacted, that when a
conviction of a crime is had, either summarily or otherwise, that the record
thereof must be sufficiently complete, so that if pleaded in another prosecution
for the same offence it will be a bar upon a plea of *autre fois convict,* as the
principle of the maxim of the common law, *non bis in idem,* has been incorporated into the constitutions of all civilized nations. In other words, when a
defendant is prosecuted summarily, each step of the proceedings must be so
carefully recorded that, when the evidence is concluded and the record completed, the facts disclosed thereby must legally consummate in a conviction of
the offence charged or else there must of necessity be an acquittal, and this
principle is as much in consonance with common sense as it is in compliance
with the common law, which terms are synonymous. Some of the primary
and elementary principles in this kind of proceedings have been authoritatively stated to be as follows: The validity of a conviction must be determined by what appears on the face of the record: Lavery *v.* Com., 25 Erie Co.
L. J. 70. Everything necessary to sustain a summary conviction must appear
on the face of the record: City *v.* Campbell, 11 Phila. 163; Com. *v.* Wigoner,
1 Kulp, 66; Kulp *v.* Wilkes-Barre, 29 Pitts. L. J. 414; Jones *v.* Wilkes-Barre,
2 Kulp, 68. The record must disclose the special act done: Com. *v.* Nesbit,
34 Pa. 398. A mere reference to an act of assembly is insufficient: Com. *v.*
Senft, 8 York Leg. Record, 65; Com. *v.* Johnson, 4 Pa. L. J. Rep. 398, 11 Kulp,

153, 11 York Leg. Record, 131. The magistrate's record must show findings of fact necessary to support a conviction: Hoffman v. Com., 123 Pa. 75; Agnew v. Washington, 7 Pa. C. C. Reps. 180. A specific finding of a particular offence: Com. v. Linaugh, 13 Dist. R. 486. And the particular act done: Lavery's Nomination, 4 D. & C. 437. It must show affirmatively that an offence was committed: Com. v. Fields, 18 Phila. 607. A specific breach of the statutory provision: Noftsher v. Com., 22 Pa. C. C. Reps. 559, 8 Dist. R. 572, 2 Dauphin Co. Reps. 328. And the record must further show that the defendant was adjudged guilty and of what crime: Antonacci v. Com., 29 Dist. R. 935. These are a few of the technical requisites prescribed by the law before a conviction in criminal and quasi-criminal proceedings will be permitted to stand, and it never has been the policy of the law to relinquish any of these safeguards to society against the misuse of the criminal process, especially when the proceedings are in derogation of the common law. What then, in the light of these elementary principles, does the record disclose or fail to disclose?

The record reads as follows:

"Be it known that, on the 10th day of November, A. D. 1924, before me, a Justice of the Peace in and for the County of Erie, State of Pennsylvania, personally came Herbert C. Shaw, who, being duly sworn according to law, doth depose and say that one F. A. Fairgrave is the manager of the Regent Theatre, 1019 Parade Street, Erie, Penna.

"That the said defendant on the 9th day of November, A. D. 1924, being the Lord's Day, commonly called Sunday, unlawfully did do or perform certain worldly employment or business, and did practice certain unlawful diversion on the Lord's Day, commonly called Sunday, namely operate and exhibit a motion picture, and did charge admission thereto, contrary to the form of the Act of Assembly in such cases made and provided and against the peace and dignity of the Commonwealth of Pennsylvania.

"Warrant issued Nov. 10, 1924.

"And now, Nov. 10, 1924, I have the within named defendant before K. R. Morrison, Justice of the Peace, so answers John Alexander. Defendant gave bail in the sum of $100 for his appearance for a hearing before K. R. Morrison, Justice of the Peace, on Nov. 12, 1924, at 2 o'clock P. M. Continued to Monday, Nov. 17, 1924. Continued to Saturday, Nov. 22, 1924.

"And now, Nov. 22, 1924, comes the defendant, the information was read to him, he pleads not guilty. On the part of the Commonwealth the following witnesses were produced, sworn and examined, viz.: Mrs. M. J. Ryan, 919 East 22nd Street, Erie, Pa.; Mrs. Luceretia Dudley; Mrs. Kate Greenwalt, 2826 Wayne Street, Erie, Pa.

"Mrs. M. J. Ryan testifies she attended the motion picture at the Regent Theatre, Sunday, Nov. 9, 1924, at 3.45 P. M., paid admission of 15 cents, the play was Wild West, or Horse Shoe Luck.

"Mrs. Luceretia Dudley testifies she attended the theatre as outlined on typewritten form."

The testimony taken by a court stenographer was also attached to the record, which, in substance, recites that three witnesses attended a moving-picture show Sunday, Nov. 9th, the name of the play being "Wild West Show," and paid an admission of 15 cents. There is not a word in the testimony as to where the theatre was, who owned, conducted or controlled it, to whom the money was paid, and these proceedings are typical, with applicable variations, of all the other cases.

This opinion might well end here, as there is not even an insinuation against the defendant in the proof, and neither the information nor proof locates

either the theatre or the alleged offence within the jurisdiction of the court, and if the validity of a conviction must be determined by what appears on the face of the record, and everything necessary to sustain a summary conviction must appear on the face thereof, any one of these omissions is fatal. In addition to these fundamental defects, this record does not disclose the special act done or refer at all to the act of assembly upon which it is predicated. There are no findings of fact or of a particular offence, or of a particular act done, nor does the record show affirmatively that an offence was committed, that there was a breach of any statutory provision or that the defendant was adjudged guilty of anything, let alone a crime or involved in any way in the transaction, and the only way we are apprised of what disposition was made of the complaint is from the defendant's brief, which informs us that the defendant was pronounced guilty, although no such pronouncement is recorded. Clearly, the conviction of a citizen summarily and in derogation of the common law is not supported by such a record.

The record of the magistrate is, therefore, now, April 2, 1925, reversed, the defendant discharged and his bond released.

From Otto Herbst, Erie, Pa.