## Commonwealth v. Bedding

*George O. Wagner,* district attorney, for Commonwealth.

*Hiram J. Bloom,* for defendant.

HERRING, P. J., March 2, 1940.—On September 29, 1939, the following information was laid against defendant:

"Plate #3207059

COMMONWEALTH OF PENNSYLVANIA
*v.*
GLENN W. BEDDING
116 North 4th Street
Sunbury, North'd. Co.,
Pennsylvania

COMMONWEALTH OF PENNSYLVANIA ⎱ss.:
COUNTY OF MONTOUR ⎰

Before me, the subscriber, Austin H. Klase, a justice of the peace in and for said county, personally came R. E. Richardson, of the Pennsylvania Motor Police, who upon

oath administered according to law, deposes and says, that at Cooper Township in the County of Montour on the 28th day of September, A. D. 1939, Glenn W. Bedding, the defendant, above named, did unlawfully operate a Ford sedan motor vehicle bearing 1939 Pennsylvania registration #3834Y on the public highway within the above-named township. In that the above-named defendant, at or about the hour of 11:05 o'clock p.m., did then and there operate said motor vehicle equipped with pneumatic tires at a rate of speed of 60 miles per hour, when the maximum legal rate of speed of this particular kind, type and class of motor vehicle is 50 miles per hour. In violation of Sub-section 'B', Section 1002, Art. 10, Act 403, P. L. 1929; as amended by Act 263, approved June 22, 1931, as amended by Act 355, approved July 16, 1935, and further amended by Act 360, approved June 5, 1937.

Note: (The rate of speed of this motor vehicle timed, for a distance of not less than a ¼ mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation.)

Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant, Glenn W. Bedding, shall be arrested and held to answer this charge of speeding and further deponent saith not.

R. E. RICHARDSON
Complainant.

Sworn to and subscribed before me, this 29th day of September, A. D. 1939.

AUSTIN H. KLASE (Seal)
Justice of the Peace

My Commission Expires First Monday in Jan. 1940."

(impression seal)

On October 12, 1939, defendant waived a hearing and gave cash bond for his appearance at court.

The alleged violation occurred or took place in Cooper Township, Montour County, Pa., while the information was laid before Austin H. Klase.

At the hearing in court counsel for defendant made a motion to quash the information and for dismissal of the case on the ground that the correct name of defendant, as it appears on the license card, is Glenn W. Bidding, and not Glenn W. Bedding, and that the registration number of the automobile of Glenn W. Bidding is 3834V, and not 3834Y as stated on the information. This motion was overruled and the case proceeded to a hearing on the merits.

Since defendant waived a hearing before a justice of the peace and gave cash bail for his appearance at court, we believe he can question the regularity of the proceedings as well as the jurisdiction of the justice of the peace.

It nowhere appears that defendant contends he did not receive the notice from the justice of the peace informing him of the traffic violation, and a true copy of the information, even though his correct surname is spelled "Bidding" and not "Bedding"; and he appeared, waived a hearing before the justice of the peace, and entered cash bail for his appearance at court.

Subsection (a), sec. 1201, of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, reads as follows:

"(a) Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township where the alleged violation occurred; Provided, however, That where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest avail-

able magistrate in any adjoining city, borough, incorporated town, or township, within fifteen (15) days after the commission of the alleged offense and not thereafter. . .".

Paragraph 6, subsec. B, sec. 1002, of The Vehicle Code, supra, as amended by the Act of 1939, supra, reads as follows:

"6. Fifty (50) miles an hour speed limit: All vehicles, except those otherwise restricted by this act to lower maximum speeds."

A portion of paragraph 1, subsec. D, sec. 1002, of The Vehicle Code as amended by the Act of June 27, 1939, P. L. 1135, reads as follows:

". . . Under all other conditions, the rate of speed shall be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation."

The copy of the notice sent to defendant in this case indicates that the post office address of Austin H. Klase, a justice of the peace, is No. 405 Church Street, Danville, Pa.

The alleged violation of The Vehicle Code in this case took place in Cooper Township, Montour County, Pa., and the information was lodged before Austin H. Klase, a justice of the peace, at No. 405 Church Street, Danville, Pa.

It seems to us, under The Vehicle Code, the information should have been laid before a justice of the peace in Cooper Township, or if there is no justice of the peace in Cooper Township, then before a justice of the peace in an adjoining township, city, borough, or incorporated town, and the transcript should show affirmatively these facts in order to give the justice of the peace jurisdiction.

The transcript is silent as to the municipality in which the justice of the peace resides and, in order to give the justice of the peace jurisdiction, the transcript should

show affirmatively in what township or municipality the justice of the peace resides.

From the transcript itself we cannot determine if the justice resides in Cooper Township, or if he resides in any adjoining township, city, borough, or incorporated town.

Now, March 2, 1940, for the reasons above stated, the information is quashed, the case is dismissed, and defendant is discharged from his recognizance. Costs in this case to be paid by Montour County.