## Commonwealth, Appellant, *v.* Emma E. Gelbert.

*Summary conviction—Sunday—Act of Apr. 22, 1794—Complaint.*

In a summary conviction for violation of the Sunday law of April 22, 1794, the complaint is the foundation of the proceedings, and it must distinctly state that the work mentioned in it was performed on Sunday, in order to establish the jurisdiction of the magistrate and the validity of his warrant.

The complaint being in the nature of an indictment must contain a direct and positive charge against the defendant, with a complete statement of the offense; if omitted there, it cannot be supplied by the warrant, docket entries, reference to the almanac or the evidence at the trial.

Argued Feb. 27, 1895. Appeal, No. 267, Jan. T., 1895, by plaintiff, from order of C. P. Lackawanna Co., May T., 1894, No. 671, reversing judgment of alderman on certiorari. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Certiorari from judgment of alderman convicting defendant of violating the Sunday law of 1894.

From the record it appeared that the information upon which the warrant issued was as follows :

"The information of F. A. Doney, of the city of Scranton, taken upon his oath, before I. L. Post, Esquire, an alderman, in and for the 17th ward, of said city, the 8th day of May, A. D. 1894 ; the said F. A. Doney saith that on the sixth day of May, A. D. 1894, Emma E. Gelbert did have her place of business, 19 Lackawanna avenue, in said city of Scranton, open for business, and did herself do and perform worldly business by the sale of sodawater, bread, milk, candy and other articles, contrary to the act of assembly of April 22, 1894."

The warrant under which defendant was arrested was as follows :

" To any Constable of said County, Greeting :

" You are hereby commanded to take the body of Emma E. Gelbert, 19 Lackawanna Avenue, if she be found in said county, and bring her before I. L. Post, one of our aldermen in and for said county, to answer the Commonwealth upon a charge, founded on the oath of F. A. Doney, charging defendant with having opened her place of business May 6th, 1894, being the Lord's day, commonly called Sunday, and herself performing worldly employment, contrary to the Act of Assembly of April 22d, 1794, all contrary to the law, etc., and further to be dealt with according to law.  And for so doing this shall be your warrant.

" Witness our said Alderman at Scranton who hath hereunto set his hand and seal the 8th day of May, A. D. 1894.

　　　" (Signed)　　ISAAC L. POST,

　　　　　　　　" Alderman 17th Ward.  [SEAL.] "

Defendant was convicted by the magistrate, and the case was taken into the common pleas by certiorari.

The court in an opinion by ARCHBALD, P. J., reversed the judgment.

*Error assigned* was order reversing judgment.

*F. L. Hitchcock*, for appellant.—The " information " or complaint and warrant were sufficiently specific to give defendant

full notice of the nature of the charge, and this is all that is required: Com. v. Burkhard, 23 Pa. 521.

The information or complaint is not a part of the record: Act of March 20, 1810, sec. 22, Purd. Dig. 607 ; Poor v. Zinck, 1 Ash. 65 ; Curran v. Atkinson, 1 Ash. 51 ; Dunbar v. Jones, 1 Ash. 215.

The information or complaint stands in no such relation to the proceedings before a justice as the indictment does to the quarter sessions: 13 Am. & Eng. Ency. of Law, 883 ; 1 T. &. H. Pr. part 1, p. 244.

The record of the alderman, viz, the transcript or copy of the judgment and the warrant or precept, being all that was before the court for review, is conclusive.

Every reasonable presumption consistent with the record will be made in favor of the regularity of the proceedings : Heir v. Goodrich, 1 Law Times, 121.

It is sufficient if the act for which defendant is convicted appear in any part of the proceedings : Johnston v. Com., 22 Pa. 102.

No paper-book was filed for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895 :

Emma E. Gelbert was convicted by a magistrate of selling soda water and candy on Sunday, and was required to pay four dollars and the costs or undergo six days' imprisonment in the county jail. The record of the conviction was removed by certiorari to the court of common pleas of Lackawanna county. The judgment of the magistrate was reversed by that court on the ground of substantial defects in the written complaint on which the proceedings were instituted. The defect that was deemed fatal was the omission to charge in the complaint any offense known to the law. The question before us is whether it is essential to the validity of a conviction under section 1 of the act of April 22, 1794, that the written complaint should affirmatively show, on its face, that the act complained of was performed on Sunday. The commonwealth contends it is not and that, although the complaint fails to disclose any offense punishable by law, it is good if by reference to the almanac and the docket entries it can be satisfactorily ascer-

tained that the worldly work mentioned in the complaint was done on that day. It is argued in support of this contention that, inasmuch as the Sunday act provides that the magistrate may on his own view and hearing convict the violator of it, a written complaint is not necessary in any prosecution under it. The argument, in this detail of it, is not strictly germane to our question, and it draws an inference from the provisions in the act in relation to a conviction upon view and hearing that is wholly unwarranted. It seems to overlook the fact that we are dealing with a conviction based on a written complaint, and that our principal inquiry is whether the latter is sufficient to sustain the former. It is also argued that sec. 8 of art. 1 of the constitution in regard to the issuance by magistrates of warrants to seize any person or property is not applicable to the proceeding under review. We think the argument in this particular is sufficiently answered by the warrant which expressly commands the officer to whom it is addressed to take the body of Emma E. Gelbert and bring her before the magistrate to answer a criminal charge. There should be probable cause, "supported by oath or affirmation subscribed to by the affiant," to justify the issuance of a warrant like this. The magistrate appears to have understood that a written complaint sworn to and subscribed by the complainant was necessary, and to have required it as a basis for the warrant. It was on the former that he issued the latter. Was the complaint sufficient to authorize the warrant? In some jurisdictions a written complaint is not required. "But if a complaint in writing is resorted to, being the substratum of the magistrate's jurisdiction, and in the nature of an indictment, it should contain a complete statement of the offense; for the evidence given upon the trial can only support the original charge, and can by no means extend or supply what is wanting in the complaint: Paley on Conv. 65; 2 Salk. 680; Doug. 232. The complaint must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt, however sufficient such facts may be as prima facie evidence against him: 10 Mod. 155, Paley, 196." See Archbold's Criminal Practice and Pl., vol. 1, page 102, note 1. Emma E. Gelbert was convicted of having performed worldly work on Sunday, but she was not charged in the complaint with having done so. The work she

did was lawful and unobjectionable on any secular day of the year, but the performance of it on Sunday constituted an offense.

It was therefore necessary to the jurisdiction of the magistrate and the validity of his warrant that the complaint should distinctly state that the work mentioned in it was performed on Sunday. It is not sufficient in such case that it may appear from the evidence on the trial or by reference to the almanac that it was so performed. The complaint is the foundation of the proceeding and the jurisdictional facts must appear on its face by a plain statement of them. Neither the warrant nor the docket entries can supply them or dispense with their presence there. It is claimed by the commonwealth's counsel that this view of the subject is purely technical, but we cannot so regard it. The defect complained of is substantial and jurisdictional. A like defect in an indictment is ground for arresting judgment upon it, and it seems reasonable that such a defect in the complaint which is the basis of a summary proceeding should vitiate the latter. In Pennsylvania none of the common law or statutory essentials of a summary conviction have been yielded, and they seem " to be as necessary to bound arbitrary power and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown." Commonwealth v. Borden, 61 Pa. 272.

Judgment affirmed.