Commonwealth of Pennsylvania *v.* Hunter,
Appellant.

Argued November 14, 1932.

Before Trexler, P. J., Keller, Gawthrop,
Cunningham, Baldrige, Stadtfeld and Parker, JJ.

514

*Frank R. Sack,* and with him *Bessie Kann Sack,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, P. J., January 25, 1933:

The defendant was arrested May 29, 1932 by a peace officer of the City of Pittsburgh for violation of Section 1012 (a) of Pennsylvania Motor Vehicle Code, 1st of May, 1929, P. L. 905. Hearings were had on June 1 and 8, 1932. After a very full presentation of the circumstances, the magistrate adjudged the defendant guilty and imposed a fine of $10, which the defendant paid. He then presented his petition to the county court for an allowance to appeal wherein he recited the substance of the testimony heard before the magistrate, but made no reference to any question involved in this present appeal. The allowance was granted and the case was heard de novo by the county court, and again he was found guilty and fined $10. There was a motion made at the hearing wherein it was stated that no information was filed with the magistrate. The court refused the motion, hence this present appeal. Section 1203 (a) of the Motor Vehicle Act provides that, "Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an informa-

tion setting forth in detail the offense, and at once furnish a copy thereof to the person arrested.''

If after the magistrate decided the case, a certiorari had been issued the regularity of the proceedings would have been before the court. Every part of the record including the complaint would have been sent up, Sadler Criminal Law Procedure, p. 569, Constitution of Pennsylvania, Article 5, Sec. 10, and the judgment might have been set aside, but ''the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer'': Steward v. Renner, 87 Pa. Superior Ct. 411; Swain v. Brady, 19 Pa. Superior Ct. 459; Gibson v. Haworth, 47 Pa. Superior Ct. 618; Com. v. Hooper, 55 Pa. Superior Ct. 518, 520. The transcript is the foundation of the proceedings in the quarter sessions, and is the only record we have before us. Whether the peace officer failed to file an information as required by the act does not affirmatively appear. One may have been filed. The transcript shows affirmatively that no constitutional right of the defendant was infringed ''that he was informed as to the nature and cause of the accusation against him,'' Com. v. Burkhardt, 23 Pa. 521, and pleaded ''not guilty,'' with a direct reference to the particular section of the act, which he was accused of violating. The cases cited by appellant in support of his contention are such as arose where a certiorari was issued to the magistrate, Com. v. Gelbert, 170 Pa. 426, 32 Atl. 1091; Com. v. Phelps, 170 Pa. 430, 32 Atl. 1092; and have no application to the present case. The real question before us is whether, upon an appeal taken, the mere absence of any reference in the transcript to the filing of the information required by the section above referred to, is such an irregularity as requires us to reverse the lower court. As already stated, we are of the

516

opinion that the matter should have been raised by certiorari to the common pleas. We can only decide questions that are fairly brought before us: Com. v. Yocum, 29 Pa. Superior Ct. 428; Com. v. Layton, 45 Pa. Superior Ct. 582.

The judgment is affirmed. Appellant to pay the costs.