## Commonwealth v. Myers

*E. Leroy Keen,* assistant district attorney, and *Karl E. Richards,* district attorney, for Commonwealth.

*Metzger & Wickersham,* for defendant.

HARGEST, J., January 7, 1935.—In this case the defendant was charged with reckless driving. Without submitting to a hearing, he gave bail for court.

Clause (*a*) of section 1202 of The Vehicle Code of May 1, 1929, as amended by the Act of June 22, 1931, P. L. 751, 75 PS §732, provides, in part:

"Summary proceedings under this act may be commenced by the filing of

information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed."

Clauses (*a*) and (*b*) of section 1204 of the same act, 75 PS §734, provide as follows:

"(*a*) Any person convicted in any summary proceeding under this act shall have the right of appeal as in other cases of summary conviction.

"(*b*) Any person charged with violating any of the summary provisions of this act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court."

The record in this case shows that on June 22, 1934, the information was made, and on the same day a warrant was issued to the constable, and it also shows: "July 7th, 1934 G. C. Myers, who waives a hearing, appeals to the court by posting bond for September Court, September 17th, 1934, 9:30 A. M." The record is wholly devoid of anything else. It does not show that the proceedings were commenced by sending by registered mail to the person charged, the notice in writing required by the act above quoted. It shows a warrant issued immediately to the constable but it does not show that the warrant was served. It shows an appearance for the purpose of giving bond, which appearance has been erroneously called both by the alderman and counsel "an appeal". In this court the defendant filed a motion for judgment and for dismissal of the proceedings. Testimony was also taken, but not stenographically.

The defendant first raises the question of jurisdiction. The record returned by the alderman shows the defendant's name to be G. C. Myers. In two places there has been an erasure of the middle initial, and "C" inserted. In that part of the record which says "G. C. Myers who waives a hearing and appeals," there was no erasure. The testimony shows that the "C" was originally "E" which was subsequently erased and changed by the alderman. The evidence also shows that G. C. Myers received a card addressed to G. E. Myers, informing him that there was a registered letter addressed to G. E. Myers at the postoffice. Upon going to the postoffice and advising the clerk that his name was G. C. Myers, and not G. E. Myers, the clerk declined to deliver the letter, and the defendant never received the notice contained in that letter; but he gave bail and waived a summary hearing.

It is very apparent that the alderman's record fails to show the essential elements which would give him jurisdiction. The section of the act heretofore quoted requires that when summary proceedings are commenced within a period of 7 days after the information has been lodged, the magistrate shall send, by registered mail, to the address shown by the records of the Department of Revenue a notice in writing of filing the information and a notice to appear within 10 days. There is nothing on the record returned to show that

if such notice was sent, it was sent within 7 days, or that it contained a notice to appear within 10 days. The date upon which the defendant waived a hearing was July 7, 1934.

The question before us is whether or not the defendant, who appeared on July 7th and filed his bond for hearing in this court, thereby waived his right to object to the fact that the alderman had not followed the law so as to acquire jurisdiction. That brings us to a consideration of the statute. Under paragraph (a) above quoted, a defendant may submit himself to a hearing before the magistrate and thereafter appeal as in other cases of summary conviction or under paragraph (b) he may waive a summary hearing and give bond "for appearance for trial before a judge of the court of quarter sessions". If he submits to a hearing before the magistrate in the summary proceeding he could not thereafter raise any issue as to the regularity of the proceedings by which he was brought into the magistrate's court; that could only be done by a certiorari: Commonwealth v. Hunter, 107 Pa. Superior Ct. 513.

But since the defendant has chosen the second alternative available to him, is he now precluded from raising any question as to the regularity of the proceedings? Upon this subject the cases differ.

In Commonwealth v. Nescoda, 20 D. & C. 643, the defendant having been convicted in a summary proceeding, after the allowance of an appeal, made a motion to set aside the conviction and dismiss the proceedings because of irregularity, and the court held that the motion could not prevail. He could not avail himself of both remedies, and, having chosen the appeal, the case must be heard on its merits. The converse of this proposition seems to be that if the defendant had chosen the other remedy, that of waiving a summary hearing and giving bond for a trial before the court of quarter sessions, he may question the jurisdiction.

In Commonwealth v. Hinkle, 20 D. & C. 340, the defendant waived a summary hearing and gave bond for his appearance in the court of quarter sessions. It was admitted that the original information was complete and regular, and that the defendant received notice, but that the notice did not contain a true and correct copy of the original. The notice, however, contained all the essentials. And the court held that while there were irregularities, "the true intent and purpose of the act of assembly is complied with where the defendant received all the necessary information, appeared voluntarily, and submitted himself to the jurisdiction of the court".

In Commonwealth v. Moore, 15 D. & C. 263, a copy of the information and notice to appear was forwarded to and received by the defendant. Subsequently he entered his own recognizance for his appearance in the quarter sessions, and his counsel moved to discharge the defendant because the proper notice required by the act was not given. The court held that the complaint as to the irregularity of the notice was waived by his appearance and entry of bail for court.

In Commonwealth v. Krall, 18 D. & C. 382, the hearing was waived and bail entered for the quarter sessions. The court held: "The defendant has lost no rights by waiving a summary hearing and giving bond to appear in court. He may raise the question of jurisdiction at any time." The question of jurisdiction, however, in that case was the jurisdiction of the alderman because he was not "nearest to the point where the alleged violation occurred," and not the want of jurisdiction because of failure to follow the statute in the preliminary proceedings.

In Commonwealth v. Hastings, 14 D. & C. 811, the case is very much like the instant case, where the record returned shows nothing except the charge, the issuance of a warrant and bail entered. The court held, upon a rule to quash

the proceedings, that the defendant was not properly before the court inasmuch as section 202 of the act had not been followed.

In Commonwealth v. Nottage, 11 D. & C. 719, the court also held that failure to follow the statute was fatal to the proceedings.

After carefully considering these cases and the phraseology of the act we are of opinion that the act clearly provides for bringing a summary proceeding before the quarter sessions in two ways: (1) by an appeal under paragraph (*a*), after hearing and judgment, in which proceeding the case shall be heard de novo on the merits and the preliminary proceedings cannot be attacked, and (2) under paragraph (*b*), where the person charged has a right to waive a hearing and give bond for trial before the court of quarter sessions. Whereupon "the magistrate shall, within fifteen (15) days, return the information to the said court." What is the purpose of paragraph (*b*)? If when the case came into the quarter sessions it could only be heard on its merits, that relief is fully afforded by paragraph (*a*). The legislature must have intended some further relief. It appears to be as stated in Commonwealth v. Milliren, 10 D. & C. 393, "to give the defendant the election of his trier." Under (*a*) he may have two chances of trial on the merits if an appeal is allowed. So unless he can raise questions of jurisdiction under (*b*) it is of little or no use. Moreover under (*b*) the magistrate must send up the record. Why? The record is no use to the quarter sessions, if the latter court can only hear the merits. In our opinion the proceeding under (*b*) is not an appeal but is intended to remove the whole case. It is not intended to preclude the defendant from raising questions of jurisdiction in the quarter sessions, and in the event of failure to sustain them, go to trial on the merits. Having so concluded, it is apparent that the alderman in the instant case had no jurisdiction. He did not follow the statute in a number of requirements, and, therefore, the defendant is not properly before us for trial upon the merits. We need not dispose of the other questions raised.

Now, January 7, 1935, the motion for judgment in favor of the defendant and for dismissal of the proceedings is hereby allowed, and the judgment is hereby entered for the defendant.