## Commonwealth v. Schmidt

*William B. McClenachan, Jr.*, district attorney, and *Clement J. McGovern*, assistant district attorney, for Commonwealth.

*Thomas A. Curran*, for defendant.

BROOMALL, J., April 24, 1936.—The certiorari in this matter, directed to Charles H. Robinson, a justice of the peace in and for the Borough of Sharon Hill, this county, concerns the arrest of defendant upon view by a police officer of said borough on November 20, 1935, about 11:45 p.m., for driving at an excessive speed (50 miles per hour), in violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751. At a hearing held before said justice of the peace defendant entered a plea of guilty and was thereupon found guilty and fined $10 and costs of $2.25, which he paid without protest.

In his petition for allowance of the writ of certiorari and subsequent brief in support thereof, defendant alleges that he was not driving his motor vehicle in a reckless manner; that no copy of the information against him was

furnished as required by the act of assembly; and further that his arrest by a police officer other than a member of the State Highway Patrol was improper and in violation of section 1203 of The Vehicle Code, supra.

In Commonwealth v. Hunter, 107 Pa. Superior Ct. 513, an appeal from a magistrate, where the arrest was made by a peace officer for violation of The Vehicle Code, supra, the court held that questions relating to the regularity of proceedings of a magistrate must be raised on certiorari and said "that the mere absence in the transcript of any reference to the information was not such an irregularity as to warrant a reversal of the court below". In the instant case the transcript of the magistrate shows that defendant was fully informed of the charge, which was read to him, and he entered a plea of guilty.

In Commonwealth v. Nescoda, 20 D. & C. 643, which was before the court on appeal and not on certiorari, the court states:

"A plea of guilty in a summary proceeding before a magistrate, who has jurisdiction of the subject matter, followed by voluntary payment of the fine and costs, waives any objection based on the irregularity of defendant's arrest."

If the justice of the peace did not have jurisdiction over defendant and the subject matter, a different question would be presented. See also Commonwealth v. Gillingham, 6 Phila. 321, 322, where on certiorari it was held that a plea of guilty cures all errors.

While there may be merit in some of the contentions of defendant, we must accept the record of the justice of the peace and dismiss the exceptions.

And now, to wit, April 24, 1936, upon consideration, after argument before the court en banc, for the reasons stated, the certiorari is dismissed and the judgment of the justice of the peace affirmed.

From William R. Toal, Media.