## Commonwealth v. Hall

*Randall B. Luke*, for defendant.

DICKEY, J., December 31, 1938.—This matter is before the court on a writ of certiorari. On July 5, 1938, information was made by A. E. Kalieta, of the Pennsylvania Motor Police, before Harry Clark, Justice of the Peace of Wayne Township, Lawrence County, Pa., setting forth that "In the County of Lawrence, on July 3, 1938, George E. Hall, defendant above named, did unlawfully operate a certain motor vehicle, to wit, a Plymouth sedan, bearing 1938 Pennsylvania registration No. HD886, upon U. S. Route No. 488, a public highway in this Commonwealth, and the said defendant did then and there operate the above-mentioned vehicle carelessly, wilfully, and wantonly, disregarding the rights and safety of others, and in a manner so as to endanger any person or property", contrary to article X, sec. 1001 (a), of The Vehicle Code of May 1, 1929, P. L. 905, as amended June 29, 1937, P. L. 2329, 75 PS §481. The act of assembly makes this a summary offense providing:

"Any person charged with reckless driving, shall, upon summary conviction before a magistrate, be sentenced to pay a fine of not less than ten ($10) dollars nor more than twenty-five ($25) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days."

From the record it appears that defendant duly appeared before the justice in response to the written notice given in accordance with The Vehicle Code. He submitted to a hearing on July 19, 1938, before the justice at his court in Wayne Township, Lawrence County, Pa., to answer and make defense to the charge preferred against him. Defendant was fully informed of the charge, which was read to him, and he entered a plea of not guilty. A. E. Kalieta of the Pennsylvania Motor Police, being the prosecutor, testified in behalf of the Commonwealth in substance, that "defendant crashed into another automobile which was clearly visible to him on an open highway during the daytime, and disregarded safety signs upon the highway and exceeded the speed limit". Defendant was

afforded an opportunity for cross-examination and five witnesses testified in his behalf. After hearing all the evidence the said justice, Harry Clark, adjudged the said defendant, George E. Hall, guilty of the offense charged against him according to the form of the act of assembly, and accordingly sentenced the said defendant to pay the costs and a fine of $10.

On August 8, 1938, defendant petitioned the court of common pleas for a writ of certiorari and the court directed Harry Clark, Justice of the Peace of Wayne Township, Lawrence County, Pa., to bring up the record of the proceedings hereinbefore stated. The prayer of the petition was granted and the writ issued the same day. On August 16, 1938, the record was duly sent up by the justice and filed in this court. The specifications of error were filed on December 21, 1938. They relate first, to the jurisdiction of the justice in the matter, and second, to the sufficiency of the evidence produced at the hearing before the justice. Defendant states the first assignment of error to be as follows:

1. The record as returned by the magistrate does not disclose that he had any jurisdiction to hear and determine the proceedings before him for the following reasons: (a) The information charges violation of "Subsection A., section 1001, article 10 of The Vehicle Code of Pennsylvania, while driving on the public road at U. S. Route No. 488, a public highway in this Commonwealth", but does not disclose in what township, county, or other municipality the said offense is alleged to have occurred; (b) the record discloses that Harry Clark, the magistrate, heard the proceedings at his office in Wayne Township; it does not appear on the record that the offense with which defendant is charged occurred in Wayne Township; (c) it does not appear from the record either first, in what county, borough, or township the alleged offense was committed, and second, it was not committed in Wayne Township within the jurisdiction of the magistrate; that there was no magistrate available within the

jurisdiction where such offense may have been or was committed. We are of the opinion that this assignment of error must be sustained. The Vehicle Code of 1929, as amended, supra, provides in section 1201:

"(a) Informations, charging violations of any of the summary provisions of this act, shall be brought before a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before a magistrate in any adjoining city, borough, incorporated town, or township, within fifteen (15) days after the commission of the alleged offense and not thereafter".

This section of The Vehicle Code is a limitation in that it restricts the jurisdiction of the justice. It must appear affirmatively from the records of the justice that he is a magistrate within the city, borough, incorporated town, or township where the violation occurred; or, there being no person holding the office of magistrate in the municipal division where the violation occurred, and the prosecution is brought in an adjoining municipal division, these jurisdictional matters must be set forth affirmatively in the records of the justice.

"While it might seem extremely technical to insist that the record of the magistrate show his jurisdiction where a violation has actually occurred, the law clearly requires it. The act of assembly was designed to break up a practice which had grown to flourishing proportions, namely, that of haling violators of the automobile law before certain justices of the peace who enjoyed a monopoly of the business derived from such violations when there were in fact justices of the peace in the immediate vicinity of the place where the violation occurred": Commonwealth v. Brewer, 18 D. & C. 339.

"In Pennsylvania none of the common law or statutory essentials of a summary conviction have been yielded, and they seem 'to be as necessary to bound arbitrary

power and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown.' Commonwealth v. Borden, 61 Pa. 272": Commonwealth v. Gelbert, 170 Pa. 426, 430.

"Questions relating to the regularity of proceedings of a magistrate must be raised on a certiorari": Commonwealth v. Hunter, 107 Pa. Superior Ct. 513 (syllabus).

From the record we are unable to determine in what city, borough, incorporated town, or township in this county the offense occurred. We only know that it occurred in Lawrence County. A mistake of the record in considering the mandatory provision of the law cannot be assumed; nor can it be assumed that the offense occurred in Wayne Township, where the office of the justice is located.

In disposing of the second assignment of error relating to the sufficiency of the evidence or matters set out in the so-called notes of testimony taken at the hearing before the justice, little need be said. This matter, as we said before, is not before the court on a certiorari. It is elementary learning that the scope of review on certiorari is limited to an examination of the record to see if the justice of the peace had exceeded his jurisdiction. The court has examined only matters appearing upon the face of the record proper and only for the purpose of ascertaining whether there are such irregularities as disclosed thereby, whether the conviction was in conformity therewith, or whether the justice has exceeded his jurisdiction or abused his discretion. Certiorari brings us nothing, as we have said before, but the record, which includes neither the evidence nor the so-called notes of testimony. Being of the opinion that the second assignment of error relating to the evidence and the sufficiency thereof is without merit and not properly before the court, it must be dismissed; but the first assignment of error set forth in the petition of defendant must be sustained and we therefore make the following

### Order

Now, December 31, 1938, after due consideration, the judgment and conviction of the justice of the peace are set aside and revoked and if the fine and costs or any part of them have been paid the same is directed to be refunded to defendant.