## Commonwealth v. Kepics

*Rowley & Smith*, for appellants.

McCreary, P. J., December 15, 1949.—This matter comes before us on exceptions sur certiorari to the record of a justice of the peace. An identical matter was argued before the court en banc at the November argument list, being the case of Commonwealth v. Ankowski, September term, 1949, no. 251, and will be disposed of in this opinion, although we will write a separate order in the latter case.

On August 23, 1949, a petition was filed at the above stated number and term for allowance of a writ of certiorari to the justice of the peace under the provisions of the Act of March 20, 1810, P. L. 208. The proper affidavit was made by petitioner, Katherine Kepics, and after the proper recognizance was filed, as required by the order, the writ issued as follows:

"To Zenobia Jurkowski, one of our Justices of the Peace in and for said County, Greeting:

"We being willing, for certain causes, to be certified of a certain plea of ————— between The Commonwealth of Pennsylvania Plaintiff, and Catherine Kepics Defendant, before you depending, do command you that the plea aforesaid, with all things touching the same before our Judges at Beaver, within thirty days from the date of this writ, so full and entire as before you they remain, you certify and send together with this writ, that we may further cause to be done therefore that which of right and according to our laws and constitution ought to be done."

In response to the writ the justice of the peace made the following return:

"Commonwealth of Pennsylvania
      vs.         *Charge* Disorderly Con-
Catherine Kepics         duct, Common Scold

"And now, this 17th., day of August, 1949, the defendant aforesaid did then and there at divers times, before and after said date, wilfully make, or cause to be made, loud, boisterous and unseemly noises and dis-

turbances by or near 724 Twenty-fifth Street, a public highway in said Harmony Township, in said County and State, to the annoyance of the peaceable residents thereby, whereby the public peace was broken and disturbed, and the traveling public annoyed.

"(2) use vile and indecent language by cursing and swearing and in other ways, to the great annoyance of the neighborhood and more especially to this affiant, and to the common nuisance of the public in that neighborhood residing—and passing.

"And now, August 18, 1949, the defendant was charged with Disorderly Conduct and also a second count in the same information of being a Common Scold.

"And now, August 18, 1949, the defendant was advised that the Count of Common Scold was not being pressed against her and that no testimony would be received in support of same. This was determined after the prosecutrix so indicated her attitude just immediately prior to the time of entering into a hearing. A hearing was held on the charge of Disorderly Conduct only and the testimony was as follows:

"On the part of the Commonwealth: Anna Palczewski of 724 25th St. (rear) Harmony Township, Pennsylvania, testified that on the 17th., day of August, 1949, the defendant became abusive towards the prosecutrix without any provocation on the part of the prosecutrix and that the defendant in a loud tone of voice called the prosecutrix vile and indecent names, such as son-of-a-bitch, bastard and used other vile and indecent language towards the prosecutrix, all of which were spoken in tones sufficiently loud to have been heard by others in the neighborhood, so as to cause a breach of the peace in said neighborhood. The testimony of the prosecutrix was corroborated by the testimony of Mrs. Anna Mraovich and a daughter, Dianne, who were witnesses to said conduct and to said vile language.

Upon full hearing held, defendant was found guilty of the charge of Disorderly Conduct and was assessed a fine of $25.00 and costs."

The return was not attached to the writ, nor was either the "transcript of the docket" or the writ itself certified by anybody. The certification merely reads as follows:

"To the Honorable the Judges Within Named:

"The plea within mentioned, with all things touching the same, so full and entire as before me they remain, I hereby respectfully certify and send, as within I am commanded, together with this writ.

. . . . . . . . . . . . . . . . . . . . . . . . . ."

Petitioner thereupon filed exceptions as follows:

"1. The record of the justice does not show that any information was ever made against defendant, or any warrant issued before defendant was adjudged guilty of disorderly conduct.

"2. The return of the justice shows that the proceedings were irregular and illegal in that it fails to show that the witnesses were under oath when they testified against defendant.

"3. The record does not show that defendant was ever advised of the charge of disorderly conduct before the hearing was entered into.

"4. The record does not show that the disorderly conduct occurred in Beaver County.

"5. The record shows that defendant was found guilty and fined $25. The justice could not impose a fine in excess of $10 as set out by the statute.

"6. The return of the justice is defective in that it complies neither in form nor substance with the writ."

The return of the justice of the peace is simply a copy of the docket entries. By the Act of March 20, 1810, P. L. 208, it is made the duty of the justice "to certify the whole proceeding had before him by sending

the original precepts, a copy of the judgment, etc." The justice should have returned the information and the warrant. As there is no suggestion of a diminution of record, with some reluctance we overlook it: The City v. Moore, 8 Phila. 238.

In the face of all these defects we find difficulty in proceeding. However, the justice's record is so defective in so many respects that we feel it is beyond the possibility of repair.

The first of the above enumerated exceptions must be sustained. In every summary conviction proceeding, the record of the justice of the peace must show that an information was made by somebody and that a warrant was issued or arrest made by a proper person on view before the justice has jurisdiction to proceed. The original information and warrant, showing its due execution must be returned. As stated by Sadler in his second edition on the law of Criminal Procedure in Pennsylvania, sec. 845, when a writ of certiorari is issued "it is the duty of the justice to send up every part of the record, including the complaint, warrant, and a full record of all the proceedings had by and before him". See Antonacci v. Commonwealth, 29 Dist R. 935; Commonwealth v. Gelbert, 170 Pa. 426; Commonwealth v. Fusco, 32 Del. Co. 110.

The second exception is even more apparent and must be sustained. We need cite no authorities for the proposition that the witnesses must be sworn or affirmed and that the justice's record must show it affirmatively: Antonacci v. Commonwealth, supra.

The third exception is self-apparent and must be sustained.

The fourth exception must be sustained. Nowhere in the defective record as returned by the justice does it appear that the offense occurred in Beaver County. Certainly to sustain a conviction for disorderly conduct the record should affirmatively show that the al-

leged offense occurred in this county. For all the record shows it may have occurred in Harmony Township, Butler County, Pa. See Commonwealth v. Pennsylvania Milk Products Co., 141 Pa. Superior Ct. 282, 285, and section 830 of Sadler on Criminal Procedure in Pennsylvania, where he cites cases in favor of the proposition that:

"The jurisdiction of the magistrate must appear. No presumption in favor of his jurisdiction is to be made. The complaint must allege that the offense was committed in the county in which the proceedings were instituted, and the record must show where it was committed."

The fifth exception relates to error on the part of the justice of the peace in imposing a fine of $25 for disorderly conduct. The justice was very apparently proceeding under the provisions of The Penal Code of June 24, 1939, P. L. 872, sec. 406, wherein our Criminal Code defines disorderly conduct and fixes the penalty as follows:

"Whoever wilfully makes or causes to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents nearby, or near to any public highway, road, street, lane, alley, park, square, or common, whereby the public peace is broken or disturbed or the traveling public annoyed, is guilty of the offense of disorderly conduct, and upon conviction thereof in a summary proceeding, shall be sentenced to pay the costs of prosecution and to pay a fine not exceeding ten dollars ($10), and in default of the payment thereof, shall be imprisoned for a period not exceeding thirty (30) days."

It thus appears that the penalty was excessive.

Certainly the justice of the peace could not impose a penalty in excess of that fixed by the legislature. The exception must be sustained.

Lastly, defendant assigns as error the fact that "the return of the justice is defective in that it complies neither in form nor substance with the writ". We have already made brief reference to this defect in the fore part of this opinion and need say nothing more on the subject except to make reference to Stephenson Taxi Co. v. Kimmel, 96 Pitts. L. J. 2, and Mitchell v. Christie, 41 D. & C. 582. In the latter case the court, after referring to Mihevc v. Koveleski, 11 D. & C. 608, said (pp. 583, 584) :

"It was there held that 'the language of the "certificate" is not that of a "return" to the *certiorari*, the exact form of which, although not given in the statute, means, at least, such language as expressed the compliance by the officer or person to whom directed with the mandate of the writ directed to him and under the statute cited the essentials of compliance'. The command of the writ is to certify the complete record 'with all things touching the same'. The return must show full compliance."

As was said by the court in Gorman v. Stewart, 21 Dist. R. 1138, the requisites of a proper proceeding are:

"1. It should appear that the offence was committed within the jurisdiction of the magistrate.

"2. The information or charge against the defendant should appear at large in the justice's record.

"3. That notice of the information was conveyed to the defendant and an opportunity given to him to defend.

"4. The service of the warrant on the defendant and his appearance or nonappearance.

"5. The section of the act violated, quoting its language or the substance thereof, showing that the offence is within such act and unlawful.

"6. The confession or defence of the defendant.

"7. A statement of the evidence submitted on the one side and on the other.

"8. A judgment of conviction and the imposition of a fine in conformity with the law."

For the reasons stated we make the following

*Order*

Now, December 15, 1949, exceptions numbered 1, 2, 3, 4, 5 and 6 are sustained, and it is now ordered that the judgment of the justice of the peace be quashed.