## Commonwealth v. Ide

*Stephen A. Teller*, District Attorney, and *Vincent M. Quinn*, Assistant District Attorney, for Commonwealth.

*Albert B. Carrozza*, for defendant.

PINOLA, J., February 11, 1960.—Defendant, Howard Ide, is charged with having violated article X, sec.

1004, of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §521, in that he did, on August 24, 1959, "unlawfully operate a 1951 Ford pickup truck" by failing "to properly drive the said vehicle upon the right half of the highway."

He waived a hearing before the justice of the peace and now moves to quash the information and the transcript, because:

(1) The information and the transcript are fatally defective and insufficient in law in that no offense is sufficiently charged against defendant; and

(2) Defendant was not allowed the 10-day period in which to appear as required by law.

The Vehicle Code of May 1, 1929, P. L. 905, was repealed by The Vehicle Code of April 29, 1959, P. L. 58, and therefore we would have to quash the information and transcript.

We are required to do it for the additional reason that the information does not charge an offense either under the Act of 1929 or the Act of 1959.

Section 1004 of the acts provides that:

"Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right-hand edge or curb of such highway. . . ."

In Commonwealth v. Warner, 3 D. & C. 2d 497, defendant was charged with driving to the left of the center of the highway. In quashing the information, Judge Sheely declared, page 500:

"(T) he fact that the highway was of sufficient width constitutes a material part of the description of the act and is an ingredient of the offense since the requirement of driving upon the right half of the highway applies only when the highway is of sufficient width and is not a one-way street. Stated another way, if the Commonwealth proved nothing more than the

fact that defendant operated to the left of the center line of the highway, defendant would have to be found not guilty since that fact, standing alone, is not an offense."

We agree with Judge Sheely and therefore must hold that the information does not charge an offense against section 1004.

There is no merit to the contention of the Commonwealth that defendant having waived a hearing cannot now attack the transcript for the reasons alleged in the motion to quash.

While procedural irregularities may not be attacked where there has been a waiver of hearing, jurisdictional irregularities may be attacked at any time: Commonwealth of Pennsylvania v. Hunter, 107 Pa. Superior Ct. 513.

Accordingly, we enter the following

*Order*

Now, February 11, 1960, at 2 p.m., the information being fatally defective, defendant's motion to quash it is granted.