## Commonwealth v. Mosier

*Robert L. Walker*, for Commonwealth.

*Bozic & Bozic*, for defendant.

MOOK, P. J., July 30, 1960.—An information was filed against the above-named defendant Thomas A.

Mosier by Richard D. Robinson, a police officer of East Fairfield Township of Crawford County, charging the above-named defendant, Thomas A. Mosier, with a violation of The Vehicle Code of this Commonwealth. The complaint was filed before C. W. Coyle, Justice of the Peace in and for the Borough of Cochranton, being the nearest available magistrate to the place of the violation, and charged that defendant operated his automobile on June 18, 1958, on a public highway in said township at a rate of speed of 100 miles per hour.

Notice was sent by certified mail to defendant but for some reason not appearing in the transcript a hearing was not held until January 22, 1959, at which time defendant was present with his counsel. The transcript shows that after hearing defendant was adjudged guilty of the charge and fined $10 and costs.

On January 28, 1959, defendant filed a petition with this court for leave to file an appeal, it being alleged in said petition that the judgment of the justice of the peace was erroneous in failing to grant defendant's motion to quash and to dismiss and that by defendant's conviction a great injustice has been done. We allowed the appeal on January 28, 1959, and ordinarily the case would have been listed for hearing at the February term. However, on January 31, 1959, defendant filed a motion to quash the information and when the case came up for hearing it was agreed by counsel for defendant and the assistant district attorney that the case would be listed at the next argument list of the court. When the argument list was reached, however, the case was not argued but counsel agreed to submit the case on briefs. Defendant filed a brief on May 22, 1959, but no brief has ever been filed by the Commonwealth. However, we think that the case should be disposed of without further delay and, accordingly, we are filing this opinion.

At the time that the complaint was filed there was no justice of the peace in East Fairfield Township. For this reason the complaint was filed before C. W. Coyle, Justice of the Peace for the Borough of Cochranton, who was the nearest available justice of the peace, pursuant to the provisions of The Vehicle Code of May 1, 1929, P. L. 905, sec. 1201, as amended, 75 PS §731, which provided:

". . . if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township in the county, within fifteen (15) days after the commission of the alleged offense and not thereafter. . . ."

Although the complaint stated that C. W. Coyle, justice of the peace, Cochranton, was nearest available magistrate to the place of violation in and for said county, defendant's counsel insists that it is fatally defective because it fails to state that there was no justice of the peace in the township of East Fairfield where the violation took place and he contends it is necessary to allege this jurisdictional fact in order to give Justice of the Peace Coyle jurisdiction over this offense. In support of his position defendant relies upon the case of Commonwealth v. McClimans, 11 D. & C. 2d 477, decided by Judge McKay in the Court of Quarter Sessions of Mercer County. In this case Judge McKay said:

"Construing this section in a case essentially identical with that at bar, the court, in Commonwealth v. Williams, 62 Montg. 123 (1946), held that when an information is brought before a justice of a different borough or township than that in which the offenses are alleged to have occurred, the information should set forth the jurisdictional fact that no person held

the office of justice of the peace in the borough or township in which the offenses are alleged to have occurred.

"In our opinion this decision is sound and applicable to the present case, for in the absence of the jurisdictional fact that no person holds the office of justice of the peace in Green Township, a justice of the peace in the Borough of Jamestown would have no jurisdiction over the offense committed in this case. Since the information fails to contain this necessary jurisdictional averment, it must be quashed."

In Commonwealth v. Williams, 62 Montg. 123, the case relied upon by Judge McKay, President Judge Knight of the Court of Quarter Sessions of Montgomery County said:

"We are also of the opinion that, in cases in which an information is brought before a justice of a different borough or township than that in which the offenses are alleged to have occurred, said information should set forth the jurisdictional fact that no person held the office of justice of the peace in the borough or township in which the offenses are alleged to have occurred. This is the conclusion arrived at by Judge Herring of Montour County in Com. v. Bedding, 38 Pa. D. & C. 103 (1940), and we agree with him."

In Commonwealth v. Bedding, 38 D. & C. 103, the case relied upon by Judge Knight, President Judge Herring of the Quarter Sessions Court of Montour County, said, page 106:

"It seems to us, under The Vehicle Code, the information should have been laid before a justice of the peace in Cooper Township, or if there is no justice of the peace in Cooper Township, then before a justice of the peace in an adjoining township, city, borough, or incorporated town, and the *transcript* should show affirmatively these facts in order to give the justice of the peace jurisdiction." (Italics supplied.)

It is to be noted here that all that Judge Herring says is that the transcript should show affirmatively these facts in order to give the justice of the peace jurisdiction; nowhere does he say that the information should indicate such a statement. Judge Herring goes on to say:

"The transcript is silent as to the municipality in which the justice of the peace resides and, in order to give the justice of the peace jurisdiction, the transcript should show affirmatively in what township or municipality the justice of the peace resides."

We have examined all of the cases cited by defendant in his brief and a good many others and nowhere do we find any appellate court decision requiring an information in a case of this kind to contain an averment stating as a jurisdictional fact that there is no justice of the peace in the township where the violation occurred.

We find in texts such as Mr. Carringer's excellent treatise on Procedure in Summary Convictions in Pennsylvania, and some of the early cases, broad statements to the effect that:

"The information upon which the proceedings before the justice of the peace is founded must set forth every element of the offense and facts necessary to establish the jurisdiction": Carringer, Summary Convictions, page 28.

In the case of Commonwealth v. Linaugh, cited by Carringer, 13 D. R. 486, Judge Audenried said:

" 'The complaint is the foundation of the proceeding, and the jurisdictional facts must appear on its face by a plain statement of them. Neither the warrant nor the docket entries can supply them or dispense with their presence there.' Com. v. Gelbert, 170 Pa. 426; Com. v. Phelps, 170 Pa. 430."

However, from a reading of the cases it plainly appears that the jurisdictional facts referred to relate

to the facts of the alleged crime. In that case defendant was arrested for the violation of the Act of April 22, 1794, 3 Sm. Laws 177, prohibiting worldly employment on Sunday. The court said:

"If the affidavit . . . on which the warrant for the defendant's arrest was issued, failed to contain a direct and positive charge against the defendant, with a complete statement of the offence showing distinctly that the work mentioned in it was performed on Sunday and in the county of Philadelphia, the prosecution would fail. 'It was necessary to the jurisdiction of the magistrate and the validity of his warrant that the complaint should distinctly state that the work mentioned in it was performed on Sunday.' "

See also Commonwealth v. Gelbert, 170 Pa. 426, referred to in the Linaugh case. The court there held that it was necessary for the jurisdiction of the magistrate and the validity of his warrant that the complaint should distinctly state that the work performed was performed on Sunday. The decision then went on to say:

"The complaint is the foundation of the proceeding and the jurisdictional facts must appear on its face by a plain statement of them."

Thus the facts referred to relate to the facts of the alleged crime and not the fact of the location of the office of the justice of the peace.

In this decision the court outlines the essentials of a criminal information to give it validity as follows:

"In some jurisdictions a written complaint is not required. 'But if a complaint in writing is resorted to, being the substratum of the magistrate's jurisdiction, and in the nature of an indictment, it should contain a complete statement of the offense; for the evidence given upon the trial can only support the original charge, and can by no means extend or supply what is

wanting in the complaint: Paley on Conv. 65; 2 Salk. 680; Doug. 232. The complaint must also contain a direct and positive charge against the defendant and not merely facts amounting to a presumption of guilt, however sufficient such facts may be as prima facie evidence against him: 10 Mod. 155, Paley, 196.' See Archbold's Criminal Practice and Pl., vol. 1, page 102, note 1."

The decision thereafter goes on with the following statement:

"In Pennsylvania none of the common law or statutory essentials of a summary conviction have been yielded, and they seem 'to be as necessary to bound arbitrary power and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown.' Commonwealth v. Borden, 61 Pa. 272."

The case of The Commonwealth v. Borden referred to above likewise contains a very interesting and careful analysis of the procedure in summary convictions. The learned Justice Agnew, author of the famous charge in the case of Commonwealth v. Drum said, page 275:

"The power of justices of the peace in summary convictions is viewed with some strictness by English writers, as being in derogation of the trial by jury: 1 Burns's Justice 343, title *Conviction;* 4 Black. Com., 280-282. Therefore, says Richard Burn, it must appear that he hath strictly pursued that power, otherwise the common law will break in upon and level all his proceedings. In this state recent cases exhibited less jealously of it, though an entire relaxation of form is not justified: Commonwealth v. Burkhart, 11 Harris 521; Van Swartow v. Commonwealth, 12 Harris 131. It does not seem, however, that any of the essentials of a summary conviction have been yielded. According to Burn, supra, these are, that there must be an information or charge against the person, then he must

be summoned or have notice of such charge and have an opportunity to make his defence; and the evidence against him must be such as the common law approves of, unless the statute expressly directs otherwise; then if the person is found guilty there must be a conviction, judgment and execution, all according to the course of the common law, directed and influenced by the special authority given by the statute; and in conclusion there must be a *record* of the whole proceedings, wherein the justice must set forth the particular manner and circumstances, so as if he be called to account for the same by a superior court it may appear that he has conformed to the law, and not exceeded the bounds prescribed to his jurisdiction. All this is reasonable, and seems to be as necessary to bound arbitrary power, and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown."

In neither of these clear cut statements is there the slightest suggestion that anything more is required in the information than that it clearly state the facts of the alleged crime. As is pointed out in the Borden case, if, however, the justice of the peace is called upon to account for his proceedings, as on a writ of certiorari, there must be a record wherein the justice must set forth the particular manner and circumstances so it may appear that he has conformed to the law and not exceeded the powers of his jurisdiction.

This rule is likewise recognized in the case of the Commonwealth v. Ayers, 17 Pa. Superior Ct. 352, where the court said, page 357:

"The information upon which the proceeding before the justice of the peace was founded ought to have set forth every material element of the offense, and facts necessary to establish the jurisdiction of the justice. The offense was substantially charged in the language of the statute and the time and place of its commis-

sion were given, and to that extent the information was sufficient. The jurisdiction of the justice was not made apparent in the complaint, but the whole record is to be taken together and the jurisdiction of the justice is clearly established: Johnston v. Commonwealth, 22 Pa. 102."

Hence, Mr. Carringer properly states, page 29 of his text that:

"The decisions seem to indicate, however, that since the whole record is to be taken together, it is sufficient if the record as a whole discloses the necessary jurisdictional facts."

Therefore in our opinion there is no reason why it is necessary that the complaint state there is no justice of the peace in and for East Fairfield Township. The statute does not require it. As we have stated above, all that statute says is "if there is no person holding the office of magistrate in such . . . township, then such information shall be brought before the nearest available magistrate in any adjoining city, borough. . . ." The complaint in the present case alleges that it was filed before the nearest available magistrate in compliance with this statute.

This is not a question of the justice not having jurisdiction, because he did. In this respect the case is similar to the case of Commonwealth v. Trufley, 170 Pa. Superior Ct. 200. In that case defendant was charged with exceeding the speed limit in Harrisville, Butler County. An information was made against him before Justice of the Peace Fred J. Schmocker, R. D. No. 4, Slippery Rock. Defendant waived a hearing and posted a bond and took an appeal to the Court of Quarter Sessions of Butler County. Appellant then moved the court to quash the information on the ground that it was defective in that it did not set forth the location of the office of the justice of the peace. The Superior Court said, page 202:

"In the lower court and on argument before us, it was admitted that there is no justice of the peace in Harrisville, that Schmocker is a justice of the peace of Mercer Township, which adjoins Harrisville, and that he is the nearest available magistrate. Conse- quently, he had jurisdiction of the offense (Com. v. Gill, 166 Pa. Superior Ct. 223, 70 A. 2d 700), and it is not contended otherwise.

"However, it is the contention of the appellant that the information must show affirmatively on its face the location of the justice of the peace and since it did not do so, the information is defective and should be quashed. In Com. v. Burall, 146 Pa. Superior Ct. 525, 22 A. 2d 619, we held that by waiving a hearing and taking an appeal the defendant charged with sum- mary violation of The Vehicle Code waived his right to attack the record of the justice of the peace on tech- nical deficiencies."

In the case of Commonwealth v. Burall, 146 Pa. Superior Ct. 525, defendant was charged with a viola- tion of The Vehicle Code and appeared before the jus- tice of the peace with whom the information was lodged, waived the hearing, posted bond and took an appeal to the quarter sessions court and a hearing was held de novo. Defendant moved the court to dis- miss the case alleging that the information and record of the justice of the peace failed to show that he was the nearest available justice within the municipal sub- division in which the alleged violation occurred and the court of quarter sessions refused to grant the motion and defendant was convicted. On appeal the Superior Court held that the alleged omissions were merely procedural irregularities and that the right to attack the record on technical deficiencies had been waived by defendant. At page 528, Judge Baldrige said:

"These alleged omissions are but procedural irregu- larities, which did not affect the jurisdiction of the

justice of the peace. The right to attack the record on technical deficiencies was surrendered by the defendant in taking his appeal: Commonwealth v. Hunter, 107 Pa. Superior Ct. 513, 164 A. 113; Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598, 601, 602, 194 A. 684."

Hence, as we have said, this is not a case where the justice of the peace had no jurisdiction of the offense. Defendant admits that there was no justice of the peace in East Fairfield Township, that the Borough of Cochranton adjoins said township and that Mr. Coyle was the nearest available justice of the peace. Hence it follows that he had jurisdiction of the case. This being so, we fail to see why this defendant should be released from criminal responsibility for operating his motor vehicle at a speed of 100 miles per hour on a public highway or any other violation of The Vehicle Code because of a so-called technical deficiency that the complaint failed to set forth the fact that there was no justice of the peace in East Fairfield Township which is admitted by defendant to be true. Under the authorities we have cited we are satisfied that it is not necessary that such a statement be included in the information; it is sufficient if it appears in the record of the justice.

Moreover, it seems clear under the decisions in Commonwealth v. Burall, supra, and Commonwealth v. Trufley, supra, that defendant by taking an appeal to the court of quarter sessions waived his right to attack the record of the justice of the peace on technical deficiencies.

In Commonwealth v. Hunter, 107 Pa. Superior Ct. 513, 515, the Superior Court said:

"If after the magistrate decided the case, a certiorari had been issued the regularity of the proceedings would have been before the court. Every part of the record including the complaint would have been

sent up, Sadler Criminal Law Procedure, p. 569, Constitution of Pennsylvania, Article 5, Sec. 10, and the judgment might have been set aside, but 'the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer': Steward v. Renner, 87 Pa. Superior Ct. 411; Swain v. Brady, 19 Pa. Superior Ct. 459; Gibson v. Haworth, 47 Pa. Superior Ct. 618; Com. v. Hooper, 55 Pa. Superior Ct. 518, 520."

The court then said: "As already stated, we are of the opinion that the matter should have been raised by certiorari to the common pleas." Thus in Commonwealth v. Conn., 183 Pa. Superior Court 144, 147, the court said:

"A defendant in a summary proceeding before a magistrate must make his election to proceed by appeal *or* by certiorari; he cannot do both. First National Bank v. Fair, supra, . . . 'the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer" ': Commonwealth v. Hunter, 107 Pa. Superior Ct. 513, 164 A. 113."

The case of the Commonwealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282, relied upon by defendant, has no application to this case. That case came before the court on a certiorari to a justice of the peace after a conviction. Defendant was convicted of unlawfully purchasing milk in the county of Dauphin without first filing with the Pennsylvania Milk Control Commission a bond approved by the commission. The court said, page 285:

"The testimony of the witnesses does not show, and the justice did not find that defendant purchased milk in the County of Dauphin; the testimony at most, merely tends toward proof of that fact. The Common

wealth, however, maintains that this jurisdictional requisite was supplied by the information. True, on certiorari, every part of the record including the complaint, must be certified to the court. Com. v. Hunter, 107 Pa. Superior Ct. 513, 164 A. 113. But the mere fact that an offense within the territorial jurisdiction of the justice has been charged, is not enough; the record must show proof of that jurisdictional fact. The justice must find the specific facts upon which his jurisdiction depends or that the averments of the complaint are true, and that he has so found them must appear from his record. Givens v. Miller, 62 Pa. 133; Wilke v. Campbell, 5 Pa. Superior Ct. 618; Mikulski v. Ziolkowski, 73 Pa. Superior Ct. 72."

Of course the record must show on certiorari that defendant committed a violation within the jurisdiction of the justice of the peace and that would be so in this case, but here an appeal was filed and the case is heard de novo and before defendant can be convicted, it will be necessary to establish by testimony the violation complained of within the jurisdicton of the justice of the peace.

Our courts must preserve and protect the fundamental and constitutional rights of all free men against encroachments by the State and this is so even though the government may have acted in the interest of public welfare and public safety. But on the other hand, where no constitutional rights have been infringed, courts should not be astute in resorting to technicalities to relieve persons of criminal responsibility for their unlawful acts. In our judgment, no constitutional or statutory rights of defendant have been violated, and even if there was a technical deficiency in the information, defendant has waived it by taking an appeal to this court.

Accordingly, we enter the following

## Order

And now, July 30, 1960, the motion to quash is over-ruled and the district attoruey is directed to list this case for hearing at the next regular session of the court when nonjury cases are held.