**Commonwealth v. Orsatti**

70

*John R. Graham*, for plaintiff.
*Stephen J. McEwen*, for defendant.

DIGGINS, J., September 26, 1960.—On April 11, 1959, at about 8:45 p.m., a station wagon owned by Arnold R. Orsatti was parked in a driveway which serves the Chetwynd Apartments in Radnor Township. The driveway is a private road and is for the exclusive use and convenience of the tenants of the apartment house. Radnor Township has erected along the curbline of the private driveway signs which prohibit parking at any time.

These signs are erected under the authority of Radnor Township Ordinances nos. 830 and 914. Ordinance no. 830 prohibits the obstruction of driveways or passageways by vehicles, or otherwise, within the business area, or at educational institutions, where such obstruction might be dangerous to persons or property by interference with the free movement of fire apparatus. Ordinance no. 914 amends ordinance no. 830 to include driveways of apartments, and it specifically mentions the driveways throughout the "Chetwynd Apartment Development."

A township policeman placed a parking violation ticket on the car of petitioner and subsequently on April 14, 1959, the officer filed an information charging petitioner with a violation of the motor vehicle

code. On May 11, 1959, a hearing was held before Justice of the Peace Agnes McNabb, after which Arnold R. Orsatti was found guilty of the charge contained in the information and was sentenced to pay a fine of $10 and costs of $5, from which conviction petitioner petitioned the Court of Quarter Sessions of Delaware County to allow an appeal from the judgment which the court granted on May 21, 1959.

A hearing was held on said appeal and the record supplied by agreement since there was no controversy over the facts. Petitioner contends first that the justice of the peace lacked jurisdiction since the summons to appear was not served by a policeman or constable of the township, it having been served by registered mail. Whether or not this contention would have prevailed had the matter come up on certiorari, we need not determine. The case is here on appeal from summary conviction which waives all such defects.

In Commonwealth ex rel. DiDio v. Baldi, 176 Pa. Superior Ct. 119, it was held:

"A magistrate has jurisdiction of the person of a defendant to hold a preliminary hearing where the defendant has been arrested and is physically present, even though the arrest was without warrant and was illegal."

Here, defendant appeared and entered a plea, was found guilty and then appealed. By this action, all defects are waived and in Commonwealth of Pennsylvania v. Hunter, 107 Pa. Superior Ct. 513, the court said:

"Questions relating to the regularity of proceedings of a magistrate must be raised on a certiorari. Where a defendant proceeds by an appeal rather than by certiorari he is presumed to have waived all mere technical errors in the proceedings of the magistrate."

There are other technical objections raised by petitioner but all are waived by the appeal.

The next important defense raised by petitioner is that the ordinance was intended to charge the property owner with responsibility and is unconstitutional as to others on the property. The gist of petitioner's contention in this regard is that the township cannot apply the ordinance against individuals other than the owner of a property and had no jurisdiction over such violators as petitioner here while in a private driveway. A reference to the ordinance itself discloses that its prohibitions are directed against any who may violate the ordinance, whether they be the particular property owner or others on the property.

The general law is that it is part of the police power to protect public safety and, of course, one of the principal subdivisions in this area is the necessity to protect the public against the hazards of fire, either in preventing the fire's origin or combating or controlling it while in progress, or reaching those who may be endangered by the fire. This is the law of Pennsylvania: Roumfort Company v. Delaney, 230 Pa. 374, and in our opinion extends to the policing of the actions of any citizen whether he be in the public highways or on private property. A prime example is the municipal ordinance that prohibits smoking in public halls, theatres, etc. Anyone smoking and thereby endangering the safety of others is and by right ought to be subject to arrest and punishment.

By the same token, one parking his automobile at a prohibited point on a large apartment house property which prevents the ingress and egress of vehicular traffic, particularly fire and police equipment, brings himself within the police powers of the municipality and the only test of this police power is whether or not it is unreasonable. It seems self-evident that this

regulation, at the place and under the conditions pertaining, is reasonable, therefore is constitutional and effective, and we have no other recourse except to find defendant guilty.

We therefore make the following:

*Order*

And now, to wit, September 26, 1960, petitioner, Arnold R. Orsatti, is hereby found guilty of violating Township Ordinance No. 830 as amended by Ordinance No. 914 of Radnor Township and he is directed to appear in court on Friday, September 30, 1960, at 10 a.m. for sentencing.